## No. 8717.

## THE STATE OF LOUISIANA vs. FRANK THOMAS.

Act 44 of 1877, relative to jury commissioners, was not repealed by the Constitution, with which it was not inconsistent. If Act 54 of 1880, on the same subject, was not passed in furtherance of Article 116 of the Constitution, the former Act was in force at the time of the trial of this case. If it was, as it continued Act No. 44, under which the commissioners were appointed, there is no cause of complaint.

It is no valid objection that the selection of jurors was not made from all *qualified* voters, but from the *registered* voters, when it is not shown that the list of the latter did not contain the names of all the former.

That the accused was manacled, while a motion for a new trial was being tried, is no ground for a motion in arrest of judgment, which reaches only intrinsic errors patent on the face of the record and which vitiate the proceedings.

A proceeding to falsify the judgment can be entertained on a proper showing. That a petit juror was a member of the grand jury who found the bill, should be urged by challenge at the proper time, and cannot avail on a motion in arrest.

APPEAL from the Twenty-third District Court, Parish of Iberville. Cole, J.

*J. C. Egan,* Attorney General, for the State, Appellee :

1. " All objections to the manner of drawing juries, or to any defect or irregularity that can be pleaded against any array or venire, must be urged on the first day of the term, or all such objections shall be considered as waived, and shall not afterwards be urged." Sec. 11, Act No. 44 of 1877.

2. Act No. 44 of 1877 is not in conflict with nor repealed by Arts. 116, 47 and 48 of the Constitution of 1879.

3. It has been continued in force and effect by Act No. 54 of 1880.

4. Act No. 54 of 1880 is not a "local" or "special" law and does not contravene Art. 47 of the Constitution.

5. The terms "local" and "special" are used in contradistinction with "public," in reference to laws.

6. Act No. 54 of 1880 embraces but one object, the formation of good and impartial juries, and that object is expressed in its title.

7. The fact that the accused remained manacled during the trial of the motion for a new trial, is not a sufficient ground on which to base a motion in arrest of judgment.

8. When an appeal has been granted to the Supreme Court, the lower court has no further jurisdiction over the case in which the appeal was taken until it is passed upon and sent back by the Supreme Court.

9. A motion for a new trial or in arrest of judgment based on the ground that one of the grand jurors who found the indictment also served on the petit jury, will not prevail. Waterman's U. S. Crim. Digest., Sec. 7 et seq., p. 363; and Sec. 50 et seq., p. 44.

10. Neither is said ground sufficient to falsify, annul, avoid and stay execution of a judgment.

*J. H. Kils* and *Barrow & Pope* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant was convicted of manslaughter and sentenced to five years at hard labor.

He first moved for a new trial and next, failing in that, for an arrest of judgment. Upon the refusal of the last motion, he asked that the verdict and sentence be falsified and annulled; but this prayer was disallowed.

He appeals from the verdict and sentence and from the several rulings of the Court.

The motions for a new trial and that in arrest are based mostly upon the same grounds and may be considered together.

He claims:

1. That the jury commissioners were appointed under Act No. 44 of 1877, which, at the time, had been repealed by the Constitution now in force.

2. That there was no law in existence at the time of his trial for the selection of competent and intelligent jurors, for the purpose of serving as grand and petit jurors.

3. That the lists were not compiled from all *qualified* persons, but from *registered* voters.

4. That he was held manacled and under restraint during the trial.

*First and Second.* Act 44 of 1877 was not repealed by the Constitution. It was in no manner inconsistent with its provisions and so was expressly continued in force, as if the Constitution had not been adopted. Arts. 258, 259.

It is true, that the Convention (Art. 116) directed the General Assembly, at its first session, to provide by general law for the selection of

competent and intelligent jurors, who shall have capacity to serve as grand jurors and try and determine both civil and criminal cases, etc., but it was not designed that, prior to the action of the legislature in carrying out this injunction, all the existing laws on the subject of the selection of jurors should be recalled.

In furtherance of this behest of the Convention, the legislature did adopt Act 54 of 1880, which declares that jurors shall be drawn in the manner pointed out by law.

It is contended that the legislature stopped before completing its duty and that it transgressed constitutional prohibitions when it adopted and continued in force, *in globo*, all the laws in existence on that subject matter, as there was both a special law for the Parish of Orleans and a general law for the other parishes.

It is needless to inquire whether the Act of 1880 is or not in conformity with Article 116. If it is, the defendant has no occasion to complain. If it is not, then as the Article is not self-operative and as the Act of 1877 is not inconsistent with the Constitution, it has not ceased to exist, and was good authority for the appointment of the jury commissioners.

*Third.* The complaint that the selection of the jurors was not made from all persons *qualified* to serve as jurors but confined to the list of *registered* voters, if not too late, because not urged on the first day of the term, as required by Sec. 11 of Act 44 of 1877, has no merit. It is not shown that the list of *registered* voters did not contain the names of all persons *qualified* to serve as jurors.

*Fourth.* The objection that the accused was manacled while the motion for a new trial was being tried, is no ground for a motion in arrest, which can reach only such intrinsic causes or errors as are patent on the face of the record and vitiate all the proceedings.

The presence of the accused at the trial of that motion was not a matter of right and was therefore unnecessary.

It may be proper to state, however, that it does not appear that the accused objected thereto; that he requested the removal of the manacles; that the court even noticed the fact; that the accused suffered any injury; that it was not necessary that he should have been thus treated, to prevent his escape or secure his proper behavior.

---

The defendant complains that the District Judge refused his motion to falsify the judgment.

The State excepted on three grounds:

1. An appeal having been granted the Court was without further jurisdiction;

2. The motion is in the nature of a challenge to the array, and the ground set forth is no basis for such motion;

3. The proceeding is irregular and without precedent.

This last objection should be considered first.

*First.* Blackstone, Vol. IV, Ch. xxx, on Public Wrongs, says, that judgments, with their several consequences of attainder, forfeiture and corruption of blood may be set aside, either by *falsifying*, or reversing the judgment, or by reprieve or pardon.

A judgment may be falsified, reversed or avoided without writ of error, for matters foreign to, or *dehors* the record, that is, not apparent on the face of it. Thus, if any judgment whatever be given by persons who had no good commission to proceed against the person condemned, it is void and may be falsified by showing the special matter. See, also, Kerr on Fraud and Mistake, pp. 293, 294.

In a proper case, therefore, a proceeding to that end should not be discountenanced. Whether a sufficient reason was exhibited in the present instance will be considered at the proper time.

*Second.* The second objection, that an appeal having been granted, the Court was without jurisdiction, is not in itself sufficient. It certainly would be where the cause alleged existed, to the knowledge of the appellant, who did not take advantage of it, if bound to do so, at the proper moment; at least, *before* appeal.

*Third.* The motion is in the nature of a challenge to the array. It comes too late, and the ground alleged is no basis for the present proceeding. It does not show that the accused did not know, before the juror was sworn, that he was the same person, or was one of the grand jury. Indeed, how could it?

The grounds upon which the judgment was asked to be falsified are, that it was procured by *fraud and mistake*, and is based on the verdict of the jury, one of whom was fraudulently selected and obtained a seat thereon by a fraudulent suppression of the truth.

It appears that, during the trial the regular panel having been exhausted and the jury to try the case not being selected, the court ordered the sheriff to call *talesmen*, whereupon, among others, one Alexander Gross was called. Upon his *voir dire*, having been asked if he had formed or expressed an opinion in the case, he answered in the negative. Accordingly, he was sworn and sat on the jury. It was shown that this juror was a member of the grand jury, but not that he was one of those who found the bill.

All this may be and no doubt is true, but that circumstance cannot avail the defendant. No fraud was established.

It is settled, that a motion for a new trial, or one in arrest of judgment, will not be sustained on the ground that one of the grand

jurors who found the indictment was one of the jurors who tried the case.

Persons thus officiating cannot be said to have no good commission to proceed against the accused. The objection would have constituted a good ground of challenge, but cannot avail on a motion in arrest of judgment. 32 An. 1162. 6 An. 340; 8 R. 596; Waterman's Crim. Dig. p. 363, Secs. 7 to 11; p. 444, Sec. 50, *et seq.*

The defendant has not shown that any legal injury has resulted to him from the action of the juror.

It is, therefore, ordered, that the judgment appealed from be affirmed.