State vs. Green.

---

No. 10,771.

THE STATE OF LOUISIANA VS. WILLIAM GREEN.

Where the proces verbal of the drawing of the jury shows that the acts of the jury commissioners were in accordance with Act No. 44 of 1877, it is sufficient. It is not necessary that the proces verbal should contain the evidence upon which their acts are based. Where the proces verbal shows that the jurors were selected from qualified voters it is sufficient. That some of the jurors drawn are not qualified is not good grounds for setting aside the panel.

Where the jury commissioners draw the jury in a room adjoining the clerk's office, and which opens into it, and is a part of the office, this is a compliance with Act 44 of 1877.

The granting of continuances in criminal cases is a matter within the sound discretion of the trial judge, and will not be interfered with by this court, unless a manifest injustice has been done.

It is a matter within the discretion of the trial judge to order the summoning of jurors in advance of the trial.

When the accused challenges a juror for cause, which is overruled, and then challenges him peremptorily, when his challenges have not been exhausted, he is not aggrieved by the decision of the court, and has suffered no injury, as the juror did not participate in the trial.

A motion for a new trial simply that the verdict is contrary to the law and the evidence will not be considered.

Motions in arrest of judgment only can be considered when there are errors patent on the face of the record.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. Rost, J.

---

W. H. Rogers, Attorney General, for State and Appellee.

---

H. N. Gautier for Defendant and Appellant:

---

The opinion of the court was delivered by

McENERY, J. The defendant was indicted for murder, tried, and on the return by the jury of an unqualified verdict of guilty, sentenced to be executed. He has appealed.

His defences are (1) motions to quash the indictment and set aside the panel, both of which are based on the same facts; (2) a motion

to draw and summon additional jurors, which was overruled; (3) that he had not been served with a list of jurors who were to pass upon his case two entire days before his trial; (4) the denial of his motion for a continuance; (5) that the tales juror, Philip Pierce, was not a qualified juror; (6) the denial of his motion in arrest of judgment; (7) the overruling of a motion for a new trial; and (8) an objection to the charge to the jury.

1. It is urged in the motion to quash the indictment and set aside the jury that two of the jury commissioners who assisted in drawing the jury were disqualified, the first for ·having accepted the office of school director after his appointment as jury commissioner, and the second on account of not being a citizen of the United States.

The office of school director was accepted by the jury commissioner *before* his appointment to the latter position. He was appointed levee inspector by the Board of Commissioners of the Pontchartrain Levee District. This is not an office within the meaning of the Constitution. He held no appointment from the State.

The jury commissioner Weeks was a naturalized citizen of the United States when appointed to the office of jury commissioner. Both grounds are untenable.

The second ground is that the jury commissioners did not draw the jury from all persons residing in the parish, as the list was made from qualified voters alone, to the exclusion of all other persons duly qualified.

Section 4 of Act 44, of 1877, directs the jury commission to select the names from persons qualified as jurors under the act.

Section 1 of the act defines the qualification of a juror "to be a citizen and a *bona fide* male resident of the parish in and for which the court is to be holden, for one year next preceeding such service; not under indictment or charged with any infamous crime or offence punishable by hard labor."

The accused has failed to show that the jury was not legally qualified. The objection is that the jury was drawn from the qualified voters of the parish. The act does not direct from what source the commissioner shall obtain its knowledge of qualified jurors. The fact of selecting jurors from the qualified voters of the parish does not show that any particular class of persons is excluded from the jury list. On the contrary, it is the best evidence that the intention of the commissioner was not to exclude any class. It is to be presumed

that the names of all citizens of the parish who are qualified to serve as jurors are to be found among the voters of the parish.

He also urges that there is no evidence that prior to and at the drawing of the jury, the venire box contained the names of 300 good, competent men taken from all persons residing in the parish having the necessary qualifications of jurors; that there is no evidence in the *proces verbal* of the drawing of the jury, of the number of the names of dead or disqualified jurors and the number of those supplemented; that the *proces verbal* contains, instead of facts, conclusions of law.

Section 4 of Act 44, of 1877, requires the names of 300 jurors originally deposited in the venire box to be kept up to that number by the placing therein the names of qualified jurors to replace those who have died, removed from the parish, become exempt or disqualified.

The *proces verbal* shows that the jury commissioners '' erased from the ' general venire ' list the names of such persons as having served as jurors at the last term of court, as well as the names of others on the list who are known to have died or removed from the parish, or became disqualified to serve as jurors since their names were entered thereon, and said names having been taken from the ' general venire' book, the commissioners then supplemented the ' general venire ' list and the ballots in the box with names of the same number of good and competent men, the qualified voters of the parish as have been taken from the box and erased from the list, after which the jury commissioners drew from the ' general venire ' box, one name at a time and according to law, 110 names.''

This *proces verbal* is in accordance with the provision of Act 44 of 1877. It states the acts of the commissioners as required by said act. It was not necessary that the jury commissioners should embody in the *proces verbal*, the evidence which was the basis of their acts.

There were 300 names originally contained in the box. This number must be presumed to be in the box from the act of the jury commissioners when they first drew the jury, within thirty days after their appointment. The *proces verbal* shows that the number of dead, removed and disqualified and exempt jurors on the original list, was supplemented by an equal number of qualified jurors, thus keeping the number to 300.

The last objection to the manner of drawing the jury is that the

commissioners failed to meet and draw the jury in the clerk's office proper; but met and drew the jury in the fire-proof vault of the clerk's office.

This vault is a part of the clerk's office, with two windows and as well lighted as the main room, and affords the same facilities for drawing the jury as other parts of the office. There was free access to this room, which communicated with the main room, and no one was excluded from it during the drawing of the jury.

As the room was a part of the clerk's office, and the jury commissioners were not secluded therein for any improper purpose connected with the drawing of the jury, the law was complied with.

These objections of the defendant to the drawing of the jury, except as to the qualifications of the jury commissioners, are disposed of by Section 10 of Act 44 of 1877, the defendant having failed to show that some fraud has been practiced that would work him a great and irreparable injury.

2. The defendant, alleging that out of the thirty jurors drawn for the week in which he was to be tried, only twenty-three jurors had appeared, moved the court to have drawn and summoned thirty additional jurors for the second and third weeks of the term. This matter was within the discretion of the court. It related to the order and discipline of the court, and we will not interfere with it.

3. The defendant was served with a list of the jurors two entire days before his trial. The case was continued for the purpose of allowing the two full days to run.

4. The granting of an order to continue the case was within the sound discretion of the court. The facts alleged in the application did not warrant the granting of the order.

We have repeatedly held that in criminal cases, in matters of continuances, the court will not interfere with the discretion vested in the trial judge, unless the ruling complained of is manifestly unjust. State vs. Johnson, 36 An. 853; State vs. Clark, 37 An. 128; State vs. Wilson, 33 An. 262; State vs. Primeaux, 39 An. 673.

5. The juror, Philip Pierce, was not qualified to serve as a juror. He was peremptorily challenged by the defendant, before he had exhausted his challenges, and did not serve on the jury. The defendant suffered no injury in his having been summoned as a tales juror.

6. There are no errors patent on the face of the record. Therefoie the motion in arrest of judgment was properly overruled.

7. The motion for a new trial is that the verdict was contrary to the law and the evidence. There is nothing in the motion and there is no evidence introduced, and we can not, therefore, take any notice of this plea.

8. The special charge asked for by the accused was allowed. He excepted to the general charge that it was "insufficient and not full enough." We are not advised of any errors in the charge.

The counsel for the defendant, who was appointed by the court to defend him, earnestly appeals for the reversal of the sentence and verdict, on the authority of the case of State vs. Gunter, 30 An. 540, decided by our predecessors. That case was exceptional. The decree rendered therein was evidently induced by the belief entertained by the court that the defense of the accused had been neglected, and that he had a good defense which had not been urged.

No such reasons can be urged in this case. The accused has been ably represented by the counsel appointed to defend him. The record shows his zeal and ability. No possible defense has been overlooked.

Judgment affirmed.