(50 South. 648.)

No. 17,723.

STATE v. WILLIAMS.

(Nov. 15, 1909.)

CRIMINAL LAW (§ 721*)—TRIAL—ARGUMENT OF DISTRICT ATTORNEY.

The district attorney, in his argument to the jury, said: "The accused himself has testified that he jumped the fence, as testified to by one of the state witnesses." To which it was objected that the accused had not so testified. Whereupon the district attorney explained that he was speaking figuratively, and what he meant was that the accused had admitted to the deputy sheriff that he had jumped the fence, and the deputy sheriff had testified to that fact, and therefore, figuratively, the accused had testified, through the deputy sheriff. "I could not have meant" (the district attorney proceeded to say) "that the accused had testified to that fact, because the accused has not testified at all. You know that he has not been on the stand."

*Held*, that the remarks of the district attorney implied no unfavorable construction of the failure of the accused to testify in his own behalf, and were not violative of either the letter or the spirit of the provision of Act No. 29, p. 39, of 1886, which reads: "And provided, further, that his failure to testify shall not be construed for or against him, but all testimony shall be weighed and considered according to the general rules of evidence, and the trial judge shall so charge the jury."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1672; Dec. Dig. § 721.*]

(Syllabus by the Court.)

Appeal from Twenty-First Judicial District Court, Parish of Iberville; C. K. Schwing, Judge.

Sidney Williams was convicted of grand larceny, and appeals. Affirmed.

Paul G. Borron and Frederic P. Wilbert, for appellant. Walter Guion, Atty. Gen., and J. H. Morrison, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

Statement of the Case.

MONROE, J. Defendant, having been convicted of grand larceny and duly sentenced,

relies in this court on a bill of exception containing the following recital, to wit:

"The district attorney, in his argument to the jury, commented to the jury on the failure of the accused to testify in the manner as follows: 'The accused himself has testified that he jumped the fence, as testified to by one of the state's witnesses, thereby contradicting Mr. Levy, who testified, for the defense, that the accused was at his store at that time.'"

That, when the district attorney made this statement, counsel for the defendant objected to the statement, and stated that the accused did not testify to that fact. The district attorney then stated that he was speaking figuratively, and what he meant was that the accused had admitted to the deputy sheriff that he jumped the fence, and the deputy sheriff had testified to that fact, and therefore, figuratively, the accused had testified through the deputy sheriff.

"I could not" (he said) "have meant that the accused had testified to that fact, because the accused has not testified at all. You know that he has not been on the stand."

To which statement counsel for the accused objected that it was injurious and prejudicial to his client.

Opinion.

It is not disputed that the state witness had testified that the accused had admitted to him "that he jumped the fence," and, whilst we are disposed to give the accused the full benefit of that provision of our statute (Act No. 29, p. 39, of 1886) which reads:

"And provided further, that his failure to testify shall not be construed for, or against, him, but all testimony shall be weighed and considered according to the general rules of evidence, and the trial judge shall so charge the jury"

—we find nothing in the language used by the district attorney which would warrant the conclusion that either the letter or the spirit of that provision was thereby violated. It was legitimate argument that the testimony of the state witness to the admission made by the accused was the equivalent

of testimony given by the accused, and neither in making that argument nor in the explanation which was provoked by the objection of the counsel for the accused was there any attempt to draw an unfavorable deduction from the fact that the accused had failed to testify in his own behalf. In the case of State v. Marceaux, 50 La. Ann. 1137, 24 South. 611, it appeared that the district attorney had said:

"Why did Marceaux not go on the stand and testify in his own behalf, if he was not guilty? He had the right to do so? He did not do it because he knew better"

—which was, distinctly, to construe his failure to testify against him. In State v. Robinson, 112 La. 939, 36 South. 811, the district attorney said:

"Gentlemen of the jury, the accused has confessed that he shot John Hase, the party whom he is charged with having killed, and this confession has been proved by the old man, Robert Turpin; and, gentlemen of the jury (pointing his finger at the defendant Lee Robinson), he has not denied it. He had the right, under the law—"

And he was there stopped by the counsel for the accused and the court. And there, again, the failure of the accused to testify in his own behalf was emphasized and construed against him. The cases thus cited do not, in our opinion, support the contention of the learned counsel; and, for the reasons given, the verdict and sentence appealed from are

Affirmed.