(77 South. 290)

No. 22859.

STATE v. CONNOR.

(Nov. 26, 1917. Rehearing Denied Jan. 3, 1918.)

*(Syllabus by Editorial Staff.)*

1. JURY ⬥62(2)—SELECTION OF NAMES—TIME FOR MEETING OF JURY COMMISSIONERS.

Act No. 135 of 1898, § 4, providing that immediately upon issuance of the order appointing a jury commission the clerk shall notify them to meet, qualify, and draw the jury within 30 days, applies only to the first jury drawing after the appointment of the commission, and no time is fixed in the statute within which subsequent drawings must be made after the date of the judge's order.

2. JURY ⬥58—SELECTION OF NAMES—STATUTORY PROVISIONS.

The jury law is not unconstitutional in that it allows the jury commission to select the persons who are to compose the venires.

3. CRIMINAL LAW ⬥938(2) — NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

In a prosecution for larceny, the testimony of a witness that he sold the goods in question to accused was not newly discovered evidence, where the witness was a person jointly charged with accused and under arrest at the same time as accused, since such testimony could only be newly discovered evidence if the person from whom accused bought the goods was a stranger whose name and whereabouts were unknown.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; William C. Baker, Judge.

Jack Connor was convicted of larceny, and he appeals. Affirmed.

James R. Parkerson, of New Orleans, for appellant. A. V. Coco, Atty. Gen., and Percy Saint, Dist. Atty., of Franklin (Vernon A. Coco, of New Orleans, of counsel), for the State.

PROVOSTY, J. The accused has appealed from a conviction of larceny.

[1] His first complaint is that more than 30 days elapsed between the issuance of the judge's order for the drawing of the venire and the meeting of the jury commissioners for obeying the order. His reliance is upon the provision of the jury law (Act 135, p. 218, of 1898, § 4) to the effect that:

"Immediately upon issuance of the order appointing the jury commission by the court, the clerk shall notify them to meet, qualify and draw the jury within thirty days."

But this provision, from its very terms, has application only to the first jury drawing after the appointment of the jury commission. As to subsequent drawings no time is fixed in the statute within which the drawing must be made after the date of the order of the judge.

[2, 3] In oral argument the other grounds of complaint were waived; but, as they seem to be insisted on in the brief, we shall pass on them. The first is that the jury law is unconstitutional in that it allows the jury commission to select the persons who are to compose the venires. The second is that a

motion for new trial on the ground of newly discovered evidence was improperly refused. These complaints are without merit. See, as to the first, State v. Thomas, 35 La. Ann. 24; State v. Green, 43 La. Ann. 403, 9 South. 42. As to the second, the evidence in question was the testimony of a witness to the effect that he had sold the goods to accused. How the testimony of the person from whom accused bought the goods he is charged with having stolen could be newly discovered evidence, it would be hard for accused, or any one else, to explain, unless perhaps on the supposition of the person having been a stranger, of name and whereabouts unknown; whereas, the witness accused has reference to is the person jointly charged with him, and under arrest at the same time as he.

Judgment affirmed.

LECHE, J., takes no part, not having heard the argument.