MONROE, C. J.
Defendant, prosecuted on a charge of cutting with intent to murder, and convicted of cutting with intent to kill, brings up this appeal.
[1] His counsel, in the brief filed'by hipa, refers to “bill of exception No. 1,” as having been taken to the overruling of a motion to quash the indictment, but we find no such-bill in the transcript, though a bill answering that description appears to have been reserved. The point argued, and which is set up in the motion to quash, is that Act 135 of 1898, which creates the jury commission and makes provision for juries, is obnoxious to the Fourteenth and Fifteenth Amendments, “in that it allows the jury commission to select at their pleasure any such jurors as they may see fit, therein conferring upon them the right to discriminate against one set of citizens in favor of another.” There is no suggestion of any actual discrimination to the prejudice of the defendant, or of any better method of obtaining competent and intelligent jurors than that which the bill provides, to wit:
‘‘Sec. 3. [Act 135 of 1898, p. 218.] That the several district judges * * * shall select and appoint five discreet citizens and good men and true, able to read and write the English language, who, with the clerk of the district court * * * as a member thereof, ex officio shall constitute a jury commission. * * *
"Sec. 4. * * * That * * * the members of said commission, or a majority of them, shall meet at the office of the clerk of the district court and in the presence of two or more competent and disinterested witnesses of lawful age, competent to read and write the English language and residents of the parish, who shall be summoned by the clerk for that purpose, select from the persons qualified under this act to serve as jurors for their respective parishes, the names of three hundred competent, good and true men, a list of whom shall be made out, etc.” (which names are required to be placed in the “general venire box,” whence they are drawn,, in a manner formally prescribed, and their bearers assigned to service on the grand and petit juries as occasion requires).
Under the method thus provided, no doubt, the courts and their clerks, the witnesses, the jurors, and the sheriffs who have charge of the jurors may, separately, or in combination, illegally and in violation of their oaths, so discharge their functions as to discriminate against particular classes of individuals, but the same thing might be said by other members of the community, if each defendant in a criminal prosecution were allowed to select those officers for the purposes of his own particular case, and, upon the whole, it appears to us that the present arrangement is likely to give greater satisfaction to the greater number and is about as well within the purview of the fundamental law as any that could be devised. The motion to quash was, we think, properly overruled. Marr’s Or. Jur. of La. § 288, pp. 485, 486. See, also, State v. Connor (this day decided) 77 South. 482, ante, p. 631, and authorities there cited.
[2, 3] A bill (numbered “1,” in the transcript) contains the recital that, the defendant having testified in his own behalf:
*639 “The district attorney, during his argument to the jury, in discussing the testimony given by defendant, used the following words, ‘Isn’t it a natural impulse for this man to lie to save his life and liberty,’ to which counsel excepted. In signing the bill the trial judge makes the statement that the district attorney was answering the argument of defendant’s counsel, in which • that gentleman had called the attention of the jury to the fact that they had the testimony of but two witnesses, the prosecuting witness” (who, says the judge, in parenthesis, had been severely cut in six different places) and the accused himself, and had intimated that the jury should believe the accused.
“The district attorney then,” the statement continues, “and in answer to this argument of counsel for the accused, after analyzing the testimony of the prosecuting witness, reasoned with the jury that they should believe the prosecuting witness, and, following that up, more as a reason why the prosecuting witness should be believed, instead of the accused, used this language, ‘Isn’t it a natural impulse for this man to lie to save his life and liberty?’ ”
The judge then goes on to say that he immediately, on defendant’s objection, charged the jury that they were to reach a verdict based on their own conclusions as who should, or should not, be believed, and should not consider the remark of the district attorney in so doing, and that he “is firmly of the opinion” that defendant’s case was not prejudiced by that remark.
As counsel for defendant was within his rights in arguing that the testimony of defendant should be believed in preference to that of the prosecuting witness, and in giving reasons founded upon the facts as disclosed on the trial, so the district attorney was within his rights in arguing that, and in giving reasons, similarly founded, why, the testimony of the prosecuting witness was better worthy of belief than that of the defendant, who, as a witness in the case, was open to the same criticism as any other witness. Marr’s Or. Jur. of La. p. 723. See, also, State v. Connor (this day decided) 77 South. 482, ante, p. 631, and authorities -there-cited.
In his closing argument the district attorney asked for a verdict of guilty, saying, “If I didn’t feel this way, I wouldn’t ask it,” to which objection was made, though no ground for the same is stated in the bill. The judge at once strongly charged the jury that they were not to regard the personal feeling of the district attorney, or consider the remark in question in reaching their verdict, and concludes his statement by saying that:
“As this man was charged with cutting with intent to murder, and was convicted of cutting with intent to kill, in the face of the testimony as I heard and know it to have been, I know that this accused was not prejudiced.”
The remark in question was part of an argument based upon the case as presented to the jury. We see no reason why the jury should have assumed that it was based upon any other case or facts, and, as predicated upon such case, was entirely legitimate. In any event, we think the statement of the judge makes it clear that defendant was not prejudiced, whatever may have been the effect of the charge upon the interest of the state. State v. Johnson, 48 La. Ann. 87, 19 South. 213; State v. Meche, 114 La. 231, 38 South. 152; State v. Young, 114 La. 686, 38 South. 517; State v. Hamilton, 124 La. 137, 49 South. 1004, 18 Ann. Cas. 981; State v. Williams, 124 La. 779, 50 South. 711.
Judgment affirmed.
LECHE, J., takes no part, not having heard the argument.