(101 South. 386)

No. 26692.

## STATE v. LEWIS.

(July 8, 1924. Rehearing Denied by Whole Court Sept. 25, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law 723(3)—Prosecuting attorney's argument for verdict of guilty as charged held not prejudicial.**

In prosecution for murder, request of prosecuting attorney in argument that jury find "only one verdict, and that guilty of murder," *held* not prejudicial or improper.

**2. Criminal law 721(3)—Argument of prosecuting attorney held not comment on defendant's failure to testify.**

Argument of prosecuting attorney, "There is no evidence except on one side and no extenuating circumstances," *held* not an indirect comment on defendant's failure to testify.

**3. Criminal law 824(13)—Failure to instruct that defendant's failure to testify shall not be construed against him not error, without request therefor.**

Under Act No. 157 of 1916, prescribing and declaring who are competent witnesses, trial judge, on defendant's failure to testify, is not required, without request, to instruct that such failure to testify should not be construed for or against him.

Appeal from Tenth Judicial District Court, Parish of Concordia; N. M. Calhoun, Judge.

Baker Lewis was convicted of murder, and he appeals. Affirmed.

Dale, Young & Dale, of Vidalia, for appellant.

Percy Saint, Atty. Gen., and Jos. M. Reeves, Dist. Atty., of Vidalia (Percy T. Ogden, of Crowley, and M. M. Irwin, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

ROGERS, J. Appellant was indicted for the crime of murder. He was tried, found guilty, and sentenced to pay the extreme penalty.

[1] Subsequent to his conviction, and prior to his sentence, appellant filed a motion for a new trial, alleging that the district attorney in his closing argument to the jury used the following highly prejudicial language, viz.: "I ask the jury that it find only one verdict, and that guilty of murder." And, also, "There is no evidence except on one side and no extenuating circumstances." The language complained of was objected to and bills reserved.

The motion for a new trial, after hearing, was refused, and, at the same time, two bills of exception were presented to and duly signed by the trial judge.

The first complaint of appellant is that the district attorney, in his closing argument, asked the jury to find "only one verdict, and that guilty of murder."

The remarks had no tendency to create any greater prejudice against the accused than the facts in evidence created. If such a statement will not be permitted the district attorney in presenting the state's case to the jury, we cannot conceive of any language he can use to request an unqualified verdict. We find nothing objectionable in the remarks complained of. State v. Sisemore, 151 La. 675, 92 South. 274.

[2] The second complaint of appellant, as set forth in bill No. 2, is that the district attorney, in his closing argument, stated to the jury, "There is no evidence except on one side and no extenuating circumstances."

Defendant did not take the witness stand in his own behalf, and the judge, although he was not requested so to do, did not charge the jury that defendant's neglect or refusal to testify should not create any presumption against him.

The specific contention of defendant is that the words, "There is no evidence except on one side," necessarily called the attention of the jury to the fact that defendant had not testified in the case; that the district attorney could not do indirectly that which he was forbidden by law to do directly.

The court, in its per curiam, states that the language used by the district attorney was fully justified by the evidence. The evidence was:

"That the deceased was walking quietly and peaceably along the public road in company with another negro, engaged in conversation with him, twenty-three steps distant from the accused, who was sitting in his house, just inside the door, which was partly open, and without any hostile demonstration on the part of the deceased, who was unarmed, and without any threat on the part of the deceased, and without any altercation between the deceased and the accused, the latter calling, or saying something to the deceased to attract his attention, immediately fired and killed him—shooting only once with a single-barrel shotgun loaded with buckshot, five of which entered the body causing death shortly afterwards. There was some evidence given by a colored woman, who tes-tified, that the accused about last Christmas, or early in January of this year, had charged the deceased with letting his wife have some money to make a trip to Lake Bruin in Tensas parish, and that he, the accused, then said to the witness that he intended to kill the deceased. The district attorney asked the witness if the accused gave any reason for not then killing the deceased. The witness in answer to this question replied that the accused said: 'That he, the accused, wanted to kill the deceased like Judas.' "

The trial judge further states that when objection was made to the remarks of the district attorney, he informed the jury that they should disregard any statement of the district attorney which was not borne out by the evidence.

We find nothing in the language complained of violative of either the letter or the spirit of the law. An accused may through different sources, other than by taking the stand himself, establish a defense or offer extenuating circumstances in mitigation of the crime charged. The language used by the district attorney amounted to nothing more than an expression of opinion as to the weight of the evidence and cannot fairly be construed to refer to the failure of the defendant to testify and did not tend to create any presumption against him for not so doing. Unless the district attorney makes the direct statement, or the inference is plain that he intended to bring to the attention of the jury the fact that the defendant had not testified, there is no ground for complaint. State v. Williams, 124 La. 673, 50 South. 648; State v. Robertson, 133 La. 806, 63 South. 363; State v. Jack, 139 La. 885, 72 South. 429; State v. Connor, 142 La. 631, 77 South. 482.

[3] It is urged in the motion for a new trial that, although defendant did not request the court to be permitted to become a witness, the judge failed to charge the jury that his neglect or refusal to testify should not create any presumption against him, and that the same is reversible error and injurious to defendant.

Act 41 of 1904, amending Act 185 of 1902, which, in turn, amended Act 29 of 1886, prescribed who were competent witnesses in all criminal proceedings and also contained the provision that the failure of an accused to testify should not be construed for or against him, but all testimony should be weighed and considered according to the general rules of evidence, "and the trial judge shall so charge the jury." However, Act No. 157 of 1916 expressly repealed Act 41 of 1904 as well as article 2281 of the Civil Code, and prescribed and declared who are competent witnesses in civil and criminal cases. The clause, "the trial judge shall so charge the jury," was omitted from this statute. Under the law as it now stands, therefore, the judge is not required to charge the jury that the failure or neglect of an accused to testify cannot be construed for or against him. The statute permits him to deliver the charge when requested by the accused, but does not make it his imperative duty to do so without such request.

The verdict and sentence appealed from are affirmed.

Rehearing refused by the WHOLE COURT.