HAMITER, Justice (dissenting from the refusal to grant a rehearing).
After further study of this case I am convinced (contrary to my original conclusion) that the complained of remarks of the Assistant District Attorney, as recited in bill of exceptions No. 13, did not constitute a comment on the accused’s failure to take the witness stand. They made reference neither directly nor indirectly to the fact that defendant had not testified. See State v. Lewis, 156 La. 985, 101 So. 386 and State v. Antoine, 189 La. 619, 180 So. 465.
Rather, I am now inclined to the belief that by such remarks the prosecutor was expressing an opinion as to the guilt of the accused predicated on something not entirely before the jury. And, if this be true, reversible error was committed and defendant is entitled to a new trial. See State v. Accardo et al., 129 La. 666, 56 So. 631; State v. Cascio (on rehearing), La.Sup., 54 So.2d 95.
Thus, as is noted in bill No. 13, the prosecutor “called the jury’s attention to the manner in which the defendant had discussed certain photographs of the scene of the crime, and which were in evidence, with his counsel; and further stated that from the manner in which he observed these particular photographs that the defendant was familiar with the actual scene of the crime rather than the photographs themselves.” (Italics mine.) At that time, of course, the photographs were in evidence, and the defendant himself was plainly visible to the jury. But not in evidence, and about which the jury had no knowledge whatever, was the essence of the discussion or conversation carried on between the accused and his counsel; and that essence produced defendant’s manner of observing the photographs to which the prosecutor directed attention. Surely it cannot be concluded that such conversation, inaudible to the jury, necessarily concerned the actual scene of the crime. It might well be that the parties were agreeing that the photographs were perfect likenesses of a place in New York or Boston or Chicago. No one knows, except them, exactly what they were saying to each other.
Nevertheless, it is my opinion that a rehearing should be granted herein (1) in *893 the interest of our jurisprudence’s stability, a majority of the members of this court not riow being of the belief that the complained of remarks constituted a comment on the accused’s failure to testify; and (2) in fairness to the State in this prosecution, thereby' affording its attorneys the opportunity of presenting arguments on' views other than the single one on which the decision was based, especially the views expressed above and in the concurring opinion of Mr. Justice McCaleb.
Therefore, I respectfully dissent from the refusal to grant a rehearing.