612 So.2d 833 (1992)
STATE of Louisiana
v.
Ellis WILKINSON.
STATE of Louisiana
v.
Ellis WILKINSON.
Nos. KA 92 0135, KA 92 0136.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
Writ Denied March 26, 1993.
*834 Doug Moreau, Dist. Atty. by Jesse Bankston, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Jack Nossaman, Baton Rouge, for defendant/appellant.
Before CARTER and LeBLANC, JJ., and CHIASSON[*], J. Pro Tem.
REMY CHIASSON, Judge Pro Tem.
The defendant, Ellis R. Wilkinson, was charged by bill of information with armed robbery, in violation of La.R.S. 14:64. He pled not guilty and, after trial by jury, was found guilty as charged. Thereafter, the State filed a habitual offender bill of information; and, after a hearing, the defendant was adjudicated a third felony habitual offender. The defendant received a sentence of seventy years at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served. From that judgment, the defendant has appealed.

FACTS
On the evening of June 4, 1991, the victim, Clara Watson, was working as a cashier at the Ellis Corner Grocery Store at the intersection of Terrace Avenue and Thirteenth Street in Baton Rouge, Louisiana. At approximately 10:00 p.m., the defendant entered the store. He reached into his pocket and removed a rag and his wallet before producing a gun. The defendant then pointed the gun at the victim and ordered her to open the cash register. When the victim refused, the defendant reached across the counter and began pushing buttons on the register in an unsuccessful attempt to open it. The defendant then took the cash register and began to walk out the door. Although the victim grabbed the electrical cord, the defendant jerked it from her hands and left.
The victim immediately called the police, who arrived shortly thereafter. They had no trouble identifying the defendant as the perpetrator because he left his wallet at the scene of the robbery. The wallet contained an identification card with the defendant's name and photograph. The police located the defendant the next day at the Salvation Army Lodge on North Boulevard. After his arrest, the defendant confessed to the robbery but denied using a gun.
At the trial, the victim related the details of the robbery and identified the defendant as the perpetrator. She specifically testified the defendant produced a gun and pointed it at her during the robbery.
The defendant took the stand and admitted he took the cash register. However, he denied having a gun during the robbery. The defendant also admitted having prior felony convictions for possession of stolen things and forgery, and that he had been released from prison on April 16, 1991, less than two months before he committed the instant offense.

*835 RELEVANCY OF THE PAROLE REPORT

(Assignment of error number 3[1])
In this assignment of error, the defendant contends that the trial court erred in overruling a defense objection to a question posed by the prosecutor concerning the defendant's parole report.
During cross-examination of the defendant, the prosecutor asked the defendant to identify his June 1, 1991, parole report. The prosecutor then asked how often the defendant was required to submit such a report, and he replied that a parole report was due on the first day of each month. At this point, defense counsel objected that this line of questioning was irrelevant and prejudicial. Defense counsel argued that the parole report had no bearing on the only issue presented at the trial, i.e., whether or not the defendant used a gun during the robbery. The prosecutor argued that the line of questioning was relevant to the issue of motive. The trial court overruled the objection and allowed the prosecutor to proceed. The defendant then identified his handwritten statement on the report indicating that he could not pay his $43.00 parole supervision fee on June 1, 1991.
La.Code of Evidence art. 401 provides:
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
La.Code of Evidence art. 403 provides:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
In his brief to this court, the defendant contends that his inability to pay the June 1st parole supervision fee was irrelevant to the issue of whether a gun was used during the robbery. He argues that, because of the danger of unfair prejudice and confusion of the issues, his objection should have been sustained and, therefore, the trial court committed reversible error.
This court disagrees because the defendant's inability to pay his parole supervision fee on June 1st, three days before the instant robbery occurred, has relevance to this case. If the defendant had little or no money on June 1st, he could have been desperate enough to use a gun to commit armed robbery. Therefore, this evidence relates to the issues of motive and intent. For the reasons that follow, we find that its probative value passes the balancing test provided in Article 403.
This evidence concerns a parole supervision fee which resulted in an indirect reference to other crimes. The defendant was released on parole after serving time for his illegal possession of stolen things and forgery convictions. The defense did not object on the basis of other crimes evidence because the defendant had admitted these prior felony convictions on direct examination. Additionally, as defense counsel noted while making his objection to the trial court, the jury had already reviewed the parole supervision report when it was properly introduced into evidence.[2] The jury was already aware of the defendant's prior felony convictions, and that he was on parole at the time of the instant robbery. Under the facts of this case we find no unfair prejudice to the defendant or confusion of the issues in the above line of questioning.[3] Accordingly, we find the trial *836 court correctly overruled the defendant's objection.
For the above reasons, this assignment of error is meritless.

COMMENTS DURING CLOSING ARGUMENTS

(Assignments of error numbers 4 and 5)
In this assignment of error, the defendant contends that the trial court erred in overruling his objections to comments made by the prosecutor during closing arguments.
The defendant refers to the following remarks made by the prosecutor during rebuttal closing argument:
AND AS I SAID A FEW MOMENTS AGO, IF YOU FIND HIM [THE DEFENDANT] GUILTY OF A LESSER CHARGE, YOU'RE SAYING THAT SHE [THE VICTIM] LIED, ... DON'T CALL THAT LADY A LIAR.... AND IF YOU FIND HIM GUILTY OF SIMPLE ROBBERY, THAT'S WHAT YOU'RE SAYING, ... THAT SHE LIED.
Defense counsel entered two objections and requested an admonition in connection with the above quoted remarks. On both occasions, the trial court noted the objection and simply instructed the jury that the closing arguments of counsel were just their theories of the case and it would instruct the jurors on the applicable law at the conclusion of the case.
La.C.Cr.P. art. 774 provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
The defendant contends that the prosecutor's comments were an improper attempt to influence and prejudice the jury. He argues the trial court erred in failing to cure the prosecutor's improper remarks. However, after reviewing the entire rebuttal closing argument, we find the prosecutor's remarks were properly within the scope of closing argument. The only issue presented in the case was whether or not the defendant had a gun during the robbery. Therefore, the key issue amounted to a determination of the credibility of the victim and defendant. Under Article 774, the prosecutor was allowed to argue that, because of his interest in the outcome, the defendant was less worthy of belief than the victim. See State v. Jackson, 142 La. 636, 77 So. 484, 485 (La.1917); State v. Johnson, 604 So.2d 685, 695 (La.App. 1st Cir.1992).
This assignment of error is meritless.

SENTENCING AS AN HABITUAL OFFENDER

(Assignment of error number 6)
The defendant contends the trial court erred in adjudicating him to be a third felony habitual offender. The defendant admits he was convicted of predicate felonies, but he questions the sufficiency of the state's evidence identifying him as an habitual offender.
At the habitual offender hearing, the State proved the defendant's armed robbery conviction and predicate felony convictions by introducing certified copies of the relevant bills of information and minute entries. State Exhibit 3 was a certified copy of the bill of information and pertinent minute entry of the defendant's illegal possession of stolen things conviction. State Exhibit 4 was a certified copy of the bill of information and pertinent minute entry of the defendant's forgery conviction. State Exhibit 5 was a certified copy of the bill of information and pertinent minute entry of the instant armed robbery conviction.
Additionally, the State introduced into evidence a certified copy of the instant trial testimony (State Exhibit 1) wherein the defendant admitted his prior felony convictions for illegal possession of stolen things and forgery. State Exhibit 2 was a certified copy of the defendant's Department of *837 Corrections records ("pen pack"). All five of the above exhibits were introduced into evidence at the habitual offender hearing without objection by the defense. Furthermore, Baton Rouge Police Officer Chris Rushing testified the defendant was the same person who was convicted at the instant armed robbery trial.
In his brief to this court, the defendant contends his trial testimony and the habitual offender hearing testimony of Officer Rushing should have been supplemented with authentic fingerprint records or certified photographs. We disagree. The defendant's prior felony convictions were proved by State Exhibits 3 and 4, as well as by his own admissions of these convictions at the armed robbery trial. The defendant's identity as the person who was convicted of these predicate felonies was likewise proved by his trial testimony. The defendant's identity as the person who was convicted of the instant armed robbery was proved by the testimony of Officer Rushing. Finally, the pen pack (State Exhibit 2) was prima facie evidence of the defendant's imprisonment and discharge dates. This pen pack clearly established that the five year cleansing period provided in La.R.S. 15:529.1(C) had not expired at the time of the instant armed robbery conviction. Contrary to the defendant's argument, the State established sufficient proof of the defendant's habitual offender status. Accordingly, the trial court did not err in adjudicating the defendant to be a third felony habitual offender.
This assignment of error is meritless.

DECREE
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, Retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[1] Assignments of error numbers 1, 2 and 7 have not been briefed and have been expressly abandoned by the defendant.
[2] Although it is not entirely clear from the instant record, we can only conclude that the parole supervision report was inside the defendant's wallet, which he left at the scene of the robbery. Therefore, when the defendant's wallet was introduced into evidence, the jury examined its contents, including the parole supervision report.
[3] Even if the defendant could have asserted an other crimes evidence objection to the parole supervision report line of questioning, such an objection would not have prevailed under La. Code of Evidence art. 404B(1). As noted above, this line of questioning was relevant to prove motive and intent. Furthermore, the parole supervision report was a part of the res gestae because it was inside the defendant's wallet, which he left at the scene of the robbery.