(36 South. 811.)

No. 15,239.

STATE v. ROBINSON.

(May 23, 1904.)

HOMICIDE — EVIDENCE—TRIAL—ARGUMENTS OF COUNSEL.

1. The accused shot the deceased, ran about 12 feet, and turned and shot the witness; the two shootings following each other so closely that the witness could not say how many steps he could have walked in the interval. *Held*, the second shooting was part of the res gestæ, and proof of it was probably also admissible to show intent.

2. When the district attorney has commented before the jury on the failure of the accused to testify in his own behalf, the verdict will be set aside, even though the judge instructed the jury to dismiss the comment from their minds, and not to permit themselves to be influenced by it, or by the failure of the accused to testify.

(Syllabus by the Court.)

Appeal from Eighth Judicial District Court, Parish of Catahoula; David Newton Thompson, Judge.

Lee Robinson was convicted of manslaughter, and appeals. Reversed.

Riley Joseph Wilson, Stephen Randall Holstein, and Robert Monroe Taliaferro, for appellant. Walter Guion, Atty. Gen., and Charles Lavander Berry, Dist. Atty. (Lewis Guion, of counsel), for the State.

PROVOSTY, J. Defendant was tried for murder, was convicted of manslaughter, and sentenced to 15 years in the penitentiary, and has appealed.

A witness testified that the accused shot the deceased, ran about 12 feet, and turned and shot him (the witness); the witness not being able to say how far he could have walked while the whole was being done, "it was done so quick." The district attorney asked the witness to repeat the statement, whereupon the defendant's counsel objected to that part of the testimony relating to the shooting of the witness on the ground that it was the proof of a separate crime, disconnected with the crime charged in the indictment. The court overruled the objection, holding that the second shooting was so intimately connected with the first as to form one transaction with the first, and therefore to be part of the res gestæ. We think the ruling was correct.

We are not sufficiently informed of the circumstances of the case to enable us to judge whether this testimony might not have been admissible to show intent, even though not strictly part of the res gestæ. Underhill on Crim. Ev. par. 321, p. 382; State v. Munholland, 16 La. Ann. 376, and cases there cited; Wharton on Crim. Ev. § 262 et seq.; State v. Deschamps, 42 La. Ann. 567, 7 South. 703, 21 Am. St. Rep. 392, and cases there cited; State v. Johnson, 111 La. 935, 36 South. 30.

This first objection is overruled. We must, however, set aside the verdict on the second bill of exception. It recites as follows:

"The district attorney, representing the state, in his argument used the following language, to wit: 'Gentlemen of the jury, the

accused has confessed that he shot John Hase, the party whom he is charged with having killed, and this confession has been proved by the old man, Robert Turpin; and gentlemen of the jury [pointing his finger at the defendant, Lee Robinson], he has not denied it. He had the right, under the law, and'—

"At this point," says the judge, "simultaneously with the objection by counsel for accused, the court interrupted the district attorney, and called his attention to the fact that he had no right to refer to the fact of the accused not testifying; and the court immediately charged the jury that the comment made and to be made by the district attorney in reference to the accused was improper, and should not be given any effect by them. I [continues the judge a quo] also then and there charged the jury that the law provided that they should not permit the fact of the failure of the accused to testify to weigh with them at all, and they should not do so in this case. I also referred to the matter fully in my final charge, instructing them that the law accorded to the accused party the privilege of testifying, which he could exercise, if he saw fit, but his failure to do so in this case should not be construed by the jury or given any effect whatever against him; and I am fully satisfied that the reference by the district attorney,' which was not completed before interruption, had no effect with the jury whatever. The jury was an exceptionally fair-minded and intelligent one."

The prosecution urges that the remark of the district attorney was not completed, and that therefore it can have had no effect upon the jury. The judge a quo was not of that opinion, since he warned the jury not to allow themselves to be influenced by it. Had he supposed that the jury had not understood the remark, and could not be influenced by it, he would have said nothing on the subject. Nor are we disposed to accede to the view that the harm done by such injurious comment may be cured by the palliating words of the judge.

Mr. Underhill, in his work on Crim. Ev. p. 83, § 68, has the following:

"Upon the question whether a new trial should be granted for a comment upon the failure of the accused to testify, when the district attorney withdraws his remarks, or the court excludes them, and also instructs the jury that the silence of the accused is not a circumstance against him, the authorities are divided. Many cases hold that under these circumstances the error is cured, though others hold that a new trial should be had, although the prosecuting attorney is rebuked, and the jurors positively instructed to dismiss the comments from their minds.

"The latter view would seem most consistent with reason and common sense. Mere silence under an accusation of crime, where an opportunity for denial is afforded, is sure to create an inference of guilt in the mind of any one, though no oral comment is made thereon. It is absurd, therefore, to suppose that any judicial declaration will remove the effect of language which has found lodgment in the minds of the jurors, spent its force, and subserved its purpose of creating a prejudice against the accused."

Agreeing with these views, we feel constrained to set aside the verdict.

It is therefore ordered, adjudged, and decreed that the judgment and verdict appealed from be set aside, and that this case be remanded, to be proceeded with according to law.