(68 South. 843)

No. 21337.

STATE v. JOHNSON et al.

(May 24, 1915. Rehearing Denied June 14, 1915.)

*(Syllabus by the Court.)*

1. LARCENY ⚍⟶40—KILLING ANIMAL WITH INTENT TO STEAL—ELEMENTS OF OFFENSE—OWNERSHIP.

On the trial for wounding or killing of an ox with intent to steal same, the gist of the offense is the unlawful wounding or killing with the intention of stealing the property of another. The name of the owner is of secondary importance for consideration.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 102–126, 160; Dec. Dig. ⚍⟶40.]

2. CRIMINAL LAW ⚍⟶829—REFUSAL OF INSTRUCTION COVERED.

Special charges will be refused, where the general charge covers the charges requested.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. ⚍⟶829.]

3. CRIMINAL LAW ⚍⟶763, 764—REFUSAL OF INSTRUCTIONS—WEIGHT OF EVIDENCE.

Special charges involving the weight and sufficiency of evidence are properly refused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1731–1748, 1752, 1768, 1770; Dec. Dig. ⚍⟶763, 764.]

4. CRIMINAL LAW ⚍⟶841 — INSTRUCTIONS — TIME TO OBJECT.

Objections to the charge of the court should be made at the time that the charge is delivered, and a ruling invoked, to form the basis of a bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2022; Dec. Dig. ⚍⟶841.]

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemines; R. Emmet Hingle, Judge.

Whitney Johnson and others were convicted of killing an ox with intent to steal same, and Johnson and another appeal. Affirmed.

James Wilkinson, of New Orleans, for appellants. R. G. Pleasant, Atty. Gen., and N. H. Nunez, Dist. Atty., of St. Bernard (G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Franklin and Johnson, two of the defendants, have appealed from a conviction and sentence for having "willfully, maliciously, and feloniously killed an ox with the intention to steal the same, it being the property of one Peter Cuselich," etc. Section 3, Act No. 8, of 1870, Extra Session, p. 50.

A bill of exceptions was reserved to the refusal of the trial court to charge:

"(1) That in addition to proving that the accused killed the ox described in the indictment, and which must be proven to be the property of Cuselich, or were present at the time of said killing and aided and abetted in said killing, the state must prove that the killing was done with intent to steal said ox as alleged in the indictment.

"(2) The mere possession of beef meat at a time subsequent to the supposed killing or date thereof is not sufficient to prove that the persons possessing said meat killed said ox, and this proof of killing is absolutely necessary to convict the accused.

"(3) And this is particularly true if there is no proof which identifies the beef or meat found in the custody or possession of the accused with the beef or meat which was taken from the carcass of the ox alleged to have been killed.

"(4) The proof that the accused had meat which the state claims to have been stolen in their custody is not sufficient to convict in this cause, because proof of the theft of beef of less value than $100 is petit larceny, and no such charge is made in this cause."

[1] The ownership of the ox in a particular person is not an essential ingredient of the crime of wounding or killing of any ox, etc., the property of another, with intent to steal the same; the offense might be properly charged and sustained even if the owner of the ox was unknown. The essential facts constituting the crime of killing an ox, or other animal, with the intent to steal same, are not in any manner affected by the question whether the ox was the property of Cuselich or not. It was sufficient that the ox was the property of another. The identity of the ox killed and stolen was the important thing in determining whether the offense proved was the offense charged. The trial judge correctly refused to charge that the ox "must be proven to be the property of P. Cuselich."

[2] The balance of the requested charge contained in paragraph 1 is covered by the general charge of the court. The charge reads that:

"The crime with which the accused were charged is made up mainly of two ingredients, or elements, viz.: There must be a willful, malicious, and felonious killing of the ox; and, secondly, there must have been an intent to steal. Incidentally it should be proved that the animal killed was an ox, and that some one exercised rights of ownership over it."

"The accused are charged jointly in the commission of the offense, and may all, if proved guilty, be found guilty by you; or, in the alternative, one or two of the accused may be likewise convicted, and the other codefendant or codefendants acquitted."

"Every person accused of crime is presumed innocent until he is proven guilty by the state, and the burden of proof is upon the state to establish his guilt beyond a reasonable doubt."

"That to find the accused guilty of the present charge the state must prove that they actually killed the ox charged in the indictment, or were present at the time the ox was killed, and aided or abetted in the killing thereof; and this may be proved by direct or circumstantial evidence."

"Circumstantial evidence consists of a fact, or series of facts, which, taken together, may or may not prove the fact of the guilt of the accused beyond a reasonable doubt. If such circumstantial evidence does not prove the guilt of the accused beyond a reasonable doubt, you must acquit them; that is, if there be a reasonable doubt that the accused or any one of them actually killed this ox, you must acquit them; or if there is a reasonable doubt that the accused killed this ox with intent to steal same, then you must also acquit them. The state must prove the accused guilty beyond a reasonable doubt, as the law presumes them innocent until the state proves their guilt."

[3] The other three requested charges relate to the sufficiency of the evidence, which the law reserves to the consideration of the jury; and the recital of this testimony in the bill of exceptions shows these charges were properly denied.

The next bill of exceptions is to that part of the judge's charge, as follows:

"The accused are charged jointly in the commission of the offense, and may all, if proved guilty, be found guilty by you; or, in the alternative, one or two of the accused may likewise be convicted, and the other codefendant, or codefendants, acquitted."

The claim that said charge was erroneous and injurious to the accused, in that it did not charge that all of the defendants could be acquitted is without merit. Other parts of the charge already quoted make it very clear that no injury was done to any one of the accused by the charge. The jury were told that all three must be proved guilty by direct or circumstantial evidence on the part of the state before a conviction could be had; the court charged, if there was reasonable doubt as to the guilt of all three, "then you must also acquit them."

[4] Objection was also made to that part of the charge reading:

"If, on the other hand, your minds are free from this reasonable doubt as to his or their guilt, or innocence, it is then your duty to convict him or them."

But the objection comes too late. It should have been made at the time the error was made by the judge in using the words "or innocence," so that he might have corrected the error into which he had fallen. The words were inadvertently used, have no place in the charge, and certainly worked no injury to the defendants. State v. Poree, 13. La. 939, 68 South. 83.

Judgment affirmed.