(70 South. 478)

No. 21521.

STATE v. SINIGAL et al.

(Nov. 29, 1915. Rehearing Denied Jan. 10, 1916.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW &#9758;1166½ — APPEAL — RECONSIDERATION OF RULING.

The refusal of the trial judge to issue attachments for absent witnesses summoned on behalf of the defendant will not be reviewed where the record shows that the judge reconsidered his ruling and issued attachments for said witnesses during the trial; and the witnesses were in court and testified on behalf of the defendants.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3114–3123; Dec. Dig. &#9758; 1166½.]

2. CRIMINAL LAW &#9758;586, 1151 — APPEAL — DISCRETIONARY RULING—CONTINUANCE.

An application for a continuance is within the discretion of the trial judge; as a general rule it will not be reviewed by the appellate court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1311, 3045–3049; Dec. Dig. &#9758;586, 1151.]

3. JURY &#9758;131 — EXAMINATION VOIR DIRE — INSTRUCTIONS.

A request on behalf of defendant that the judge charge the juror, who is under examination on his voir dire, as to the law of self-defense, was properly refused; the charge should be made after the case has been tried, and the arguments heard.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 561–582; Dec. Dig. &#9758;131.]

4. WITNESSES &#9758;289—EXAMINATION—IRRELEVANT TESTIMONY.

Where defendant opens the door for irrelevant testimony on the cross-examination of a witness, he cannot be heard to complain of the redirect examination of the witness on such irrelevant matter.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1004; Dec. Dig. &#9758;289.]

5. CRIMINAL LAW &#9758;1120—APPEAL—PRESENTATION FOR REVIEW—CROSS-EXAMINATION.

Where testimony on cross-examination is objected to on the ground of irrelevancy, and on the further ground that it referred to matters not brought out in the examination in chief, the Supreme Court will not reverse the ruling of the trial court, to the effect that the testimony was relevant, in the absence of the testimony in chief of the witness.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2931–2937; Dec. Dig. &#9758; 1120.]

6. CRIMINAL LAW &#9758;730—REMARKS OF COUNSEL—CURE OF ERROR—INSTRUCTIONS.

Verdicts will not be reversed for every improper remark made by counsel for the state during the trial of a cause; particularly where such statement is corrected by the judge in the charge to the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693; Dec. Dig. &#9758;730.]

7. CRIMINAL LAW &#9758;721—GROUND FOR REVERSAL—REMARKS OF COUNSEL—FAILURE OF ACCUSED TO TESTIFY.

But a comment to the jury by a prosecuting officer upon the fact that the defendant has not taken the witness stand is reversible error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1672; Dec. Dig. &#9758;721.]

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; Wm. Campbell, Judge.

Adam Sinigal and others were convicted of murder, and appeal. Reversed and remanded.

John L. Kennedy, George P. Lessley, and Dan De Baillon, all of Lafayette, for appellants. R. G. Pleasant, Atty. Gen., C. B. De Bellevue, Dist. Atty., of Crowley (J. Y. Sanders, of Bogalusa, W. C. Baker, of Franklin, Howard E. Bruner, of Crowley, and G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. The five defendants were indicted and tried for murder. One of them, George R. Sinigal, was found not guilty. Josephine Sinigal was convicted of

manslaughter.    Alexandrine Sinigal was found guilty without capital punishment. And Adam and Michel Sinigal were found guilty as charged. The four convicted defendants have appealed. They rely upon 23 bills of exceptions found in the record, for a reversal of the verdicts and sentences.

The first bill of exceptions is taken to the refusal of the trial judge to issue attachments for two absent witnesses for the defense, who were reported by the sheriff to be too ill to be brought into court. The second bill is taken to the refusal of the judge to grant a continuance because of the absence of the witnesses just referred to. The third bill is to the same effect.

[1, 2] The record discloses that the judge reconsidered his ruling, and issued attachments for the two absent witnesses; that they were brought to the courthouse and that they testified for the defendants in the presence of the court, jury, and defendants. There is no merit in the contention that the court acted illegally or arbitrarily in refusing a continuance because of the absence of the witnesses, who subsequently appeared on the trial of the cause and testified. Applications for continuances are within the discretion of the trial judge, and as a general rule will not be reviewed by the appellate court.

The fourth bill is taken to the ruling of the court in excusing two jurors, who, while being examined on their voir dire, answered that they were opposed to capital punishment. Defendants claimed the right to have cross-examined the jurors. In the case of State v. Kennedy, 133 La. 945, 63 South. 476, the law is stated in the syllabus to be:

"The rejection of a juror by the judge, even if erroneous, affords no legal ground of complaint, and this rule is equally applicable where the judge has refused to allow the juror whom he has excluded to be cross-examined on his voir dire." Act No. 135, p. 216, of 1898, section 1.

In that case, several opinions to the same effect are quoted from; and the doctrine is affirmed in the case of State v. Ardoin, 136 La. 1085, 68 South. 133. The ruling of the trial judge was correct.

[3] The fifth bill was taken to the refusal of the judge to charge a juror, who was being examined on his voir dire, as to the law of self-defense. In the per curiam attached to the bill, it is shown that the court, in refusing to give such instructions at the time indicated, stated that he "would do so at the proper time in the charge to the jury when the cause would be tried, evidence heard pro and con, and arguments of counsel of both sides heard; and that he did so charge the jury at the proper time." The ruling was correct; the charge to the jury should follow the trial of the cause, in regular order.

The sixth bill is to the refusal of the judge to permit the court stenographer to take down the questions and answers of a juror who was being examined by the state on his voir dire as to whether he had any scruples as to the infliction of capital punishment. The juror was excused by the judge. This bill is covered by the ruling to the bill No. 4, to the effect that the defendant was without interest in the rejection of a juror by the judge on the ground that he would not convict, and did have scruples as to the infliction of the death penalty.

The seventh bill was taken to the ruling of the court overruling the objection to a juror, under examination on his voir dire, who answered that he had formed an opinion as to the guilt or innocence of the accused, and that he thought that he was prepared to decide the question as to the guilt or innocence of the accused at the time. In his per curiam, the trial judge states that the answers of the juror showed that he was puzzled to a certain extent, but that the entire examination showed him to be competent. There is no argument on behalf of the defendants in behalf of this bill; and, even if there had been error on the part of the judge,

it was not prejudicial to the defendants, for after the trial, they had 37 peremptory challenges left.

The eighth bill was taken to the ruling of the judge and the language used by the judge in making the ruling, on an objection by the defendants, on the direct examination by the state of a witness for the prosecution. The widow of the deceased had been asked on cross-examination whether her husband was drunk at the time he was killed; and counsel for the state on redirect examination asked her:

"In view of the questions propounded to you on cross-examination by counsel for accused as to whether or not your husband was drinking on the morning of his death, and whether or not you had warned him not to go out that morning, I would like now for you to state to the jury just exactly the condition of your husband and his apparent frame of mind, as shown by his actions and doings just immediately before leaving the house."

The objection to the evidence is made on the ground that the testimony sought to be elicited as to—

"the frame of mind and mental attitude of the deceased prior to the alleged difficulty between him and the defendants is not a part of the res gestæ, and is irrelevant to the issues of the case, and its admission is prejudicial to the defendants."

The court, in overruling the objection, used the following language:

"The question itself as propounded by the attorney for the state shows clearly that the door upon this proposition was opened by the attorney representing the accused, and for those reasons the objection is overruled."

The ruling was clearly correct. The door for such evidence had been opened by counsel for defendants; counsel for the state had the right, under such circumstances, to show that the deceased was sober at the time of the killing.

The witness had already stated, on her examination in chief, that when her husband left his home on the morning in question he was in "an unusually cheerful and amiable frame of mind."

The language of the court is unobjectionable, although made in the presence of the jury. The judge in his ruling did not even repeat the question propounded by the state's attorney. He simply referred to it as a question propounded by the attorney for the state. And no comment whatever was made upon the testimony which had been adduced either for the state or for the defendants. The bill is without merit.

Bills 9 and 11 embrace rulings with reference to George Sinigal, who was found not guilty.

The tenth bill was taken to the ruling of the court sustaining an objection to the introduction of certain evidence showing threats on the part of the deceased towards the defendants. The ruling was based on the ground that the offer of the evidence was premature, as the proper foundation had not then been laid. The evidence was subsequently submitted to the jury after a foundation therefor had been laid. The bill is without merit.

The twelfth bill is taken to the ruling of the court sustaining an objection by the state to the following question propounded by counsel for defendants to one of the defendants, while a witness on the stand:

"What became of the house in which Adam Sinigal was living?"

The relevancy of the question is not shown; and the objection was properly sustained.

The thirteenth bill is involved, and the court is unable to fully determine the exact conditions upon which the ruling complained of was made.

It appears that Michel Sinigal, one of the defendants, while on the witness stand, was asked on cross-examination:

"Did you seek to buy some buck shot or other cartridges from the McNeal store in Rayne a short time after the killing or immediately after the killing?"

The question was objected to on the ground of irrelevancy, and on the further ground that it referred to matters not brought out in the examination in chief.

As the testimony on direct examination of the witness is not in the record, it is impossible for the court to decide upon the relevancy of the evidence sought by the question.

It appears in the recitals contained in bill of exceptions numbered 15, that the witness had sworn on his examination in chief:

"That when his father, Adam Sinigal, fired the shot which killed Avant, he, Michel, caught a horse, using a rope for a bridle, and without any saddle, rode the horse to a place some five or six miles northeast of Duson, where his mother then was, for the purpose of informing her as to what his father had done; and that he did not go to the town of Rayne at all on that day, the town of Rayne being situated about six miles west of Duson."

This statement by counsel for the defense is approved by the trial judge.

It will be presumed that the testimony given by the witness in his own behalf was relevant and material to his defense; and, if material. the state had the right to cross-examine him with reference thereto, and to contradict him if it could. The witness evidently considered it important to his defense to show that he traveled northeast from Duson immediately after his father killed Avant, and that he did not travel in a westerly direction to the town of Rayne, or he would not have so testified.

The trial judge ruled that the testimony objected to was relevant and competent; and, in the absence of all data from the record upon which his ruling was based, the court will not overrule it.

[4] The fourteenth bill was taken to the overruling of an objection on the part of the defendants to the testimony of a witness for the state. on redirect examination. It was objected that the testimony was a mere reiteration of her former examination, and that it was not properly rebuttal testimony. In the per curiam the judge says that the question propounded was in rebuttal to the evidence given by one of the witnesses for the defense. The court is governed by the statement of the judge a quo.

Bill No. 15 is not argued by the counsel for the defendants.

[5] The sixteenth and seventeenth bills refer to the rulings permitting two state witnesses, sworn in rebuttal, to answer certain questions. One was:

"Could you have heard any other shots had they been fired?"

Two of the defendants had testified that the deceased had fired two shots from a pistol at Adam Sinigal, one of the defendants, before the latter fired his shotgun and killed the deceased. And the objection is made that the question calls for an opinion on the part of the witness. The question calls for a statement as to whether the witness could have heard other shots had they been fired at the time, and does not call for an expression of opinion on his part on the point. The ruling was correct. The other witness gave testimony in rebuttal of the testimony given by one of the defendants. It is referred to in disposing of the thirteenth bill.

The eighteenth bill is taken to the action of the trial judge in allowing the state to call, in rebuttal, two witnesses who testified that a person, standing before the open window in the house of the deceased could see and recognize another person at the place where the deceased is said to have been killed by the defendants. The widow of the deceased had previously testified, on her examination in chief, that she had witnessed the killing of her husband from a window of her house. The statement of the trial judge that the evidence was clearly in rebuttal is accepted by the court as being correct, and the ruling is therefore affirmed.

[6] The twentieth bill was taken to a re-

mark made by counsel for the state, in addressing the jury as follows:

"The accused could testify in their own behalf, but the judge could also charge them that they should take into consideration the interest that the accused had in the case, in weighing their testimony."

In the per curiam attached to the bill, it is stated:

"The court charged the jury that they had to consider the evidence of all the witnesses, and that they could not consider any interest whatever the accused had in weighing their testimony, but to weigh all the evidence of all the witnesses and try and reconcile all of said evidence to arrive at a true and correct conclusion in the premises."

The counsel for the state erred in making the statement objected to; but, as this statement was corrected by the judge in his charge to the jury, prejudicial error to the defendants did not result therefrom.

[7] The twenty-first bill is reserved to several remarks made by one of the counsel for the state, in his argument before the jury, to the following effect:

"That young boy (referring to one of the defendants) did not take the stand as a witness, the accused girl did not take the stand as a witness, and the old woman did not take the stand as a witness, and nobody else was purported to know anything about the facts of the case testified that any other persons than these persons named were present at that scene that morning; and, therefore, there are only Adam Sinigal, Michel Sinigal, and Mrs. Avant (wife of the deceased) who profess to know the facts at the time of the homicide."

When objection was made to the remarks above quoted the attorney making them replied:

"In connection with the objection just urged by Mr. Kennedy to my remarks to this jury, I now state that I have made no comment upon the fact that no witness took the stand, have not attempted to say why they did not take the stand, but have simply counted over to the jury the number of the persons who were there and the number of witnesses who testified to a certain state of facts."

This statement was made before the jury when the objection was made, and it is re-inforced by the per curiam of the court, to the effect that it—

"is not of the opinion that any comment was made as to any of the accused taking the stand in their own behalf, but merely stating the fact to the jury as to the number of witnesses that had testified in the case, not commenting at all upon the fact of one or any of the accused not taking the stand in his own or their behalf, and that is the reason that the court stated that at the proper time it would charge the jury upon that proposition, for otherwise, as asked and demanded by counsel, the court would have been obliged to comment upon the fact, and another bill of exceptions would have been taken by the attorneys for the defendants.".

It may be presumed that the judge in his charge to the jury properly instructed the jury as to the law covering an accused when he takes the witness stand in his own defense. Act 41 of 1904, p. 77, requires him to do so. But, that same act provides "that his (the accused's) failure to testify shall not be construed for or against him."

The district attorney says that he was not construing the failure of some of the accused to testify for themselves in his remarks to the jury; that he simply related the fact, in counting over to the jury the number of persons present at the homicide, and that certain of the defendants, all of whom were present, had not testified on the trial.

The naming, by the district attorney to the jury, of the defendants who had not taken the witness stand might well have been construed by the jury against those defendants. And the prosecuting officer should not have made such comment.

In a similar case (State v. Robinson, 112 La. 939, 36 South. 811), where the district attorney made the comment that the accused "had the right, under the law," to take the witness stand and he did not do so, without finishing the sentence, it was held that the law had been violated, and that the error was fatal. We therein quote approvingly from Underhill on Criminal Evidence, § 68, p. 83, as follows:

"Upon the question whether a new trial should be granted for a comment upon the failure of the accused to testify, when the district attorney withdraws his remarks, or the court excludes them, and also instructs the jury that the silence of the accused is not a circumstance against him, the authorities are divided. Many cases hold that under these circumstances the error is cured, though others hold that a new trial should be had, although the prosecuting attorney is rebuked, and the jurors positively instructed to dismiss the comments from their minds.

"The latter view would seem most consistent with reason and common sense. Mere silence under an accusation of crime, where an opportunity for denial is afforded, is sure to create an inference of guilt in the mind of any one, though no oral comment is made thereon. It is absurd, therefore, to suppose that any judicial declaration will remove the effect of language which has found lodgment in the minds of the jurors, spent its force, and subserved its purpose of creating a prejudice against the accused."

In view of the law as it has been already interpreted, the verdict will be set aside.

It is ordered, adjudged, and decreed that the sentence and verdict herein be set aside, and that the case be remanded to be proceeded with in accordance with law.