(105 So. 59)

No. 27257.

## STATE v. BROUGHTON.

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law 1111(1) — Record conclusive as to version of remarks objected to below.**

Where, in a prosecution for manslaughter, error was assigned to remarks of state's counsel in his argument to the jury, and his supplemental brief contained a version of the remarks different from that in the record, such version could not be considered, since to do so would be to go beyond the record.

2. **Criminal law 721(3) — Remark of state's counsel held erroneous as referring to failure of accused to testify.**

In a prosecution for manslaughter, when assistant counsel for state, in his argument to the jury, remarked that counsel for defendant had stated that the deceased was dead and could not speak, and "he might have added the defendant was here and did not speak," *held*, that such remark could be construed only as a reference to failure of accused to take the stand, and was error, in view of Act No. 157 of 1916.

3. **Criminal law 730(10) — Counsel's reference to accused's failure to testify held not cured by instruction.**

Where, in a prosecution for manslaughter, state's counsel, in his argument to the jury, referred to failure of accused to testify, the prejudicial effect of the remark was not destroyed by an instruction, after the arguments were closed, that failure of accused to testify could not be construed against him.

4. **Homicide 165 — Evidence as to what family deceased left was irrelevant.**

In a manslaughter prosecution, where the state asked the brother of deceased what family deceased had, to which he answered the deceased had a wife and child, it was error to overrule objection; such evidence being irrelevant.

5. **Criminal law 829(1) — Not error to refuse special charges covered by general charge.**

Where the court gives, in its general charge, the substance of special charges required, defendant has no cause to complain.

Appeal from Third Judicial District Court, Parish of Lincoln; S. D. Pearce, Judge.

Dayton Broughton was convicted of manslaughter, and he appeals. Verdict and sentence annulled and set aside, and case remanded.

C. B. Roberts and Barksdale, Warren & McBride, all of Ruston, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro, and Elder, Thompson & Digby, of Farmerville (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

158 LOUISIANA REPORTS

OVERTON, J. An indictment was returned against defendant for manslaughter. He was tried, found guilty, and sentenced to the penitentiary. He appeals to this court for relief.

It appears that defendant did not take the witness stand in his own behalf. He contends that assistant counsel for the state, in the course of his argument to the jury, made the following remark, to wit:

"Mr. Warren (counsel for defendant) has stated that Tom Jeff Woodward (the person killed) is dead and cannot speak. He might have added the defendant was here and did not speak."

Defendant also contends that he promptly objected to this remark, and requested the court to instruct the jury that the remark of counsel was improper, but the court failed or declined to so instruct the jury then or at any other time, and that, after the objection was made, the assistant attorney for the state continued by emphasizing his statement thus: "You have heard what I said." Defendant contends that he promptly excepted to the remarks made, and to the failure of the judge to give the instruction requested.

In due course, defendant presented a bill of exceptions to the judge for signature, setting forth, in accordance with his contentions, the remarks, as stated above, and setting forth also the request for instructions to the jury, the failure of the judge to give the instructions, and the fact that he (defendant) reserved a bill of exceptions at the time. The judge signed the bill. In signing it, he says, however, that the remark, whatever it may have been, was made by the assistant counsel for the state in the beginning of his argument; that, at the moment of the remark, he (the judge) was not paying close attention to what was being said, and therefore is unable to quote the exact words spoken; that what those words were appears to have been, at the time they were spoken, a matter of disagreement between the counsel who spoke them and counsel for the defense. Immediately after objection was made to the remark complained of, the clerk of court was requested to make a note of the remark, and he reproduced it, which was, to the best of his recollection, as follows:

"Mr. Warren has told you that one of the parties is dead and cannot speak. He might have added the other party was here and did not speak. * * * You heard what I said."

Counsel, who made the argument in which the remark objected to was uttered, has filed a supplemental brief, in which he gives his version of what he actually said. This version excludes the idea that the remark, as worded and made, taken in its entirety, had reference to the failure of defendant to take the stand.

[1] It is our opinion that we should accept the statement of what was said as it appears in the bill of exceptions. The judge has not said that such a remark was not made, but merely that he does not know exactly what was said, and has signed the bill of exceptions accordingly. Moreover, the note made, at the time, by the clerk of court, shows that the remark was substantially as shown in the bill of exceptions, the asterisks appearing in the clerk's note, at the close of the remark, and before the remark following, having been inserted, in our view, for the purpose of indicating the omission of what was said between counsel after the objection was made and before the remark that follows the asterisks was made, for the judge, in his statement, says that there was disagreement between counsel as to what was said, and the remark that follows the asterisks has the appearance of an appeal to the jury, by counsel who made it, to determine for themselves what was said; the appeal having been made upon the hypothesis that the jury, having heard the remark, knew what it was. In so far as relates to

the version of what was said, contained in the supplemental brief filed, by counsel to whom the remark is attributed, as highly as we esteem him, we are unable, for legal reasons, to consider that version, for we cannot consider it without going beyond the record. In other words, the record does not contain that version.

[2] Accepting as correct the statement of what the remark was, as it appears in the bill of exceptions, there can be no question that counsel erred in making it. The remark can be construed only as a reference to the failure of the accused to take the witness stand. It was within the province of the accused to take the stand, in his own behalf, or not, as he saw proper, and his failure to take it could not be lawfully construed against him. Act 157 of 1916. When counsel for the prosecution made the remark, he went beyond the law, and prejudiced the rights of the accused. The prejudice likely to be occasioned by commenting on the failure of the accused to take the stand has been held to be such as is not removable by instructions from the court. Thus, in State v. Robinson, 112 La. 939, 36 So. 811, quoting from Underhill on Criminal Evidence, § 68, p. 83, it was said:

"Upon the question whether a new trial should be granted for a comment upon the failure of the accused to testify, when the district attorney withdraws his remarks, or the court excludes them, and also instructs the jury that the silence of the accused is not a circumstance against him, the authorities are divided. Many cases hold that under the circumstances the error is cured, though others hold that a new trial should be had, although the prosecuting attorney is rebuked, and the jurors positively instructed to dismiss the comments from their minds.

"The latter view would seem most consistent with reason and common sense. Mere silence under an accusation of crime, where an opportunity for denial is afforded, is sure to create an inference of guilt in the mind of any one, though no oral comment is made thereon. It is absurd, therefore, to suppose that any judicial declaration will remove the effect of language

which has found lodgment in the minds of jurors, spent its force, and subserved its purpose of creating a prejudice against the accused."

See, also, State v. Marceaux, 50 La. Ann. 1137, 24 So. 611; State v. Sinigal, 138 La. 469, 70 So. 478.

It is not important, however, in this case, whether the prejudice arising from such a comment may be removed by instructions from the court, for the court gave no instructions at the time the remark was made, although defendant, in making his objection, requested that the jury be instructed that the remark was improper; nor did the court, at any time, give instructions which, granting that the prejudicial effect of the remark was curable by instructions, were sufficient for that purpose.

The only instruction, given by the court, touching the matter, was not given until the court delivered its general charge, and is the instruction usually contained in such charges, when the accused has elected not to take the witness stand. As appears from the statement of the court, that instruction was as follows:

"I charge you that it is the right and privilege of a person on trial, charged with the commission of a crime or an offense, to go on the witness stand and testify, or not, as he or his counsel may deem best. And in the event he does not testify, or see fit to make a witness of himself, it cannot be construed against him."

[3] This instruction was insufficient to destroy the prejudicial effect of the remark complained of, and moreover, as we have said, was not given until the jury was charged after the arguments had closed. Defendant was entitled, at least, to an instruction that the remark was improper, and that the jury should disregard it, and the instruction should have been given, when the objection was urged and the request for instructions made. As this was not done, it follows

that the verdict and the sentence appealed from will have to be set aside.

· [4] The record contains a number of other bills. One of these bills discloses that the state asked the brother of the deceased, while he was a witness on the stand, the following question, to wit: "What family did your brother have?" The witness answered: "A wife and child." Defendant objected to the question on the ground that it was irrelevant, and that it was asked manifestly for the purpose of arousing sympathy for the family of the deceased. The court overruled the objection. The evidence elicited by the question may not have been prejudicial to the accused, but it was irrelevant. The objection should have been sustained.

[5] Defendant handed several special charges to the court and asked that they be given. The court gave one of them to the jury, but declined to give the others. The court charged the jury partly orally and partly in writing. The judge says in his statement, attached to the bill, that those of the special charges, which he refused to give, were not given, because he had already charged the jury, either in writing or orally, substantially what counsel was asking the court to specially charge. The oral portion of the charge is not before us. We therefore presume that the court is correct in its conclusion that it had so charged. As the court gave, in its general charge, the substance of the special charges requested, defendant has no cause to complain. State v. Johnson, 137 La. 505, 68 So. 843.

There are several other bills in the record. After examining them, we fail to find that they disclose error.

For the reasons assigned, the verdict and the sentence appealed from are annulled and set aside, and this case is remanded to the lower court to be proceeded with according to law.

ST. PAUL, J., concurs in the decree.