54 So.2d 130 (1951)
219 La. 872
STATE
v.
HOOVER.
No. 40137.
Supreme Court of Louisiana.
May 28, 1951.
Rehearing Denied June 29, 1951.
Sam Monk Zelden, Max Zelden, Dr. Hubert Winston Smith and George O'Dowd. all of New Orleans, for defendant-appellant.
Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., George J. Gulotta, Executive Dist. Atty., New Orleans, for appellee.
MOISE, Justice.
Louis Eugene Hoover was tried for murder, found guilty as charged and sentenced to death. He has appealed.
*131 There were sixteen bills of exception reserved during the trial, but since we must set aside the verdict because of prejudicial error found in Bill No. 13, a discussion of the other bills would be vain and useless.
Bill No. 13 recites that in the closing argument of the Assistant District Attorney, he called attention to the manner in which the defendant had discussed with his counsel certain photographs of the scene of the crime and to the statement by the Assistant District Attorney, that from the manner in which defendant observed these particular photographs, he was familiar with the actual scene of the crime rather than the photographs themselves. The trial judge stated in his per curiam to this bill that he did not agree with the contentions of defense counsel that the remarks made emphasized the fact that the accused had not taken the witness stand. He denied that defense counsel asked for a mistrial, and further stated that his immediate instructions to the jury to disregard these statements were adequate to protect the interest of the accused.
The settled jurisprudence which stems from the Constitution (Article I, Section 11) provides that any comment of the district attorney, the result of which would be to direct attention of the jury to the failure of the defendant to testify, is so inherently prejudicial an error that it cannot be cured by the trial court's instructions to the jury to disregard what they have heard. State v. Marceaux, 50 La.Ann. 1137, 24 So. 611; State v. Robinson, 112 La. 939, 36 So. 811; State v. Sinigal, 138 La. 469, 70 So. 478; and State v. Richardson, 175 La. 823, 144 So. 587.
The implication of the Assistant District Attorney, though made without malice, as stated by the trial judge in his per curiam, but which was possibly inadvertently made, nevertheless, infringed defendant's constitutional privilege against circumstantially forced self-incrimination, which the defendant had to cure, if he so desired, by the waiving of his constitutional right not to take the stand, as provided in Article 1, Section 11 of the Constitution of 1921, and likewise by the provisions of the Criminal Code, Art. 461.
In State v. Marceaux, 50 La.Ann. 1137, at page 1146, 24 So. 611, at page 615, it was stated: "Once granted that a simple retraction suffices to replace matters as they were, and the law would become practically a dead letter. The thing prohibited could be accomplished by easy methods, without possibility of rectification through the courts. `Comment was made, unfriendly comment, too, and prejudice may have been made operative against the accused, and so he has not the trial he was entitled to under the law.'"
The prosecution contends that the cases referred to supra are inapplicable. It is true that the language used in these cases is at variance with the language used in the instant case, but the constitutional principle invoked does not vary, and is the same. These cases cited consecrate and mould in concrete form the right of an accused in his declension to take the stand. In the Marceaux case the defendant did not take the stand. The comment was directly on his failure so to do. The Sinigal and the Richardson cases are similar in this respect. The Robinson case is one that has a strong legal affinity with the Hoover case because in that case the district attorney had not completed his remarks in relation to the failure to take the stand, but he had said enough to show the intent to direct the jury's attention to that fact. In all four cases the verdicts of conviction were reversed.
In the instant case there is no uncertainty as to the implication in the remarks of the Assistant District Attorney, as will be demonstrated by an analysis of the circumstances. The remarks were made in the closing argument after each side had rested its case. In the argument made in this Court, it was contended that the conviction of Hoover was obtained through circumstantial evidence. Therefore, at the scene of the crime, no eye had seen its perpetration, no ear had heard what was said. Since the accused had not taken the stand in his own behalf, the implication of guilt was certain and direct, particularly *132 when it is further taken into consideration that the defense was made that the accused was not the perpetrator of the crime. The comment dehors the record fixes the accused at the scene of the crime.
In the case of State v. Glauson, 165 La. 270, 115 So. 484, 487, "Bill No. 9 was reserved to a remark, made by the assistant counsel for the state, concerning which the court gave no instructions and took no action, the remark being as follows:
"`I say again, gentlemen, that there hasn't been a word from any witness of the defendants, that there has not been a word of denial in this matter.'"
This is a comment on the evidence of the witness, which is not debarred from argument. It does not refer to an accused. Because of this fact, the Court took no action, gave no instructions, and we affirmed its judgment in this respect. In the Hoover case the reference is not to one of the witnesses who had testified but is poised directly at the accused. Article 1, Section 11, of the Constitution only protects a witness when he is asked a question which may incriminate him but the constitutional principle invokedthe failure to take the stand applies only to an accused. Thus, in the case of State v. Broughton, 158 La. 1045, 1047, 105 So. 59, 60, the following remarks were made by the district attorney: "Mr. Warren has told you that one of the parties is dead and cannot speak. He might have added the other party was here and did not speak. * * * You heard what I said."
These remarks, like those in the Robinson case, refer by implication to the failure of the accused to take the stand. Further, 150 La. on page 1049, 105 So. on page 60 of the Broughton case, we find the following pronouncement by the Court:
"Accepting as correct the statement of what the remark was, as it appears in the bill of exceptions, there can be no question that counsel erred in making it. The remark can be construed only as a reference to the failure of the accused to take the witness stand. It was within the province of the accused to take the stand, in his own behalf, or not, as he saw proper, and his failure to take it could not be lawfully construed against him. Act 157 of 1916 [LSA-RS 13:3665]. When counsel for the prosecution made the remark, he went beyond the law, and prejudiced the rights of the accused. The prejudice likely to be occasioned by commenting on the failure of the accused to take the stand has been held to be such as is not removable by instructions from the court. Thus, in State v. Robinson, 112 La. 939, 36 So. 811, quoting from Underhill on Criminal Evidence, § 68, p. 83, it was said:
"`Upon the question whether a new trial should be granted for a comment upon the failure of the accused to testify, when the district attorney withdraws his remarks, or the court excludes them, and also instructs the jury that the silence of the accused is not a circumstance against him, the authorities are divided. Many cases hold that under the circumstances the error is cured, though others hold that a new trial should be had, although the prosecuting attorney is rebuked, and the jurors positively instructed to dismiss the comments from their minds.
"`The latter view would seem most consistent with reason and common sense. Mere silence under an accusation of crime, where an opportunity for denial is afforded, is sure to create an inference of guilt in the mind of any one, though no oral comment is made thereon. It is absurd, therefore, to suppose that any judicial declaration will remove the effect of language which has found lodgment in the minds of jurors, spent its force, and subserved its purpose of creating a prejudice against the accused.'"
Prof. Dale E. Bennett, in "Work of the Supreme Court" (VI. Criminal Law and Procedure), 10 La.Law Review, 220 (1950) aptly states:
"The district attorney has a right to argue logical inferences from the evidence submitted or from evidence suppressed by the defense. (Art. 382, La. Code of Crim. Procedure of 1928 [LSA-RS 15:382]) * * *
"A different situation is presented where the district attorney comments upon the defendant's failure to take the stand. The *133 inference drawn may be a logical one, but it has the effect of indirectly forcing the defendant to take the stand and run the risk of self-incrimination. In this case, the remarks are deemed so basically prejudicial that they entitle the defendant to a mistrial and cannot be cured by the judge's admonition the jury to disregard them. * * *"
The object of a criminal prosecution had in the name of the State is for the prevention and punishment of crime. It is also the duty of its officers to protect the innocent and to see that a trial is accorded as directed by the Constitution. Sometimes an over-zealous prosecutor unintentionally oversteps the bounds of constitutional authority. When such is the case, justice can afford to wait until the accused is granted all of the guarantees provided by the Bill of Rights, that commandment of the Constitution, that splendid "psalm of life", that "gospel of humanity", the enforcement of which must be administered and applied by the courts and its judicial officers, to saints and to sinners alike.
From the foregoing views, we gather that what the Constitution prohibits is the result of the prejudicial error by the language used on the minds of the jurors, otherwise the constitutional enactment becomes a mere abstraction affording to an accused no real protection.
For these reasons, it is ordered, adjudged and decreed that the judgment and verdict appealed from be set aside, and this case be remanded to the district court for a new trial.
FOURNET, C. J., concurs being of the opinion the defendant is entitled to a new trial.
HAWTHORNE, J., dissents and assigns written reasons.
McCALEB, J., concurs in the decree and assigns reasons.
HAWTHORNE, Justice (dissenting).
In my opinion the decision in this case is not supported by the jurisprudence of this state, and it is contrary to the weight of authority in other states. The remarks attributed to the assistant district attorney were not even indirectly a comment on the failure of the accused to take the stand, nor were they, as contended, prejudicial as being a comment upon matters that were not a part of the record. In State v. Antoine, 189 La. 619, 180 So. 465, 466, this court held that the remark "How has the defense combatted or met the case of the State?" was not an indirect comment on the failure of the accused to take the stand, saying: "`Unless the district attorney makes the direct statement, or the inference is plain that he intended to bring to the attention of the jury the fact that the defendant had not testified there is no ground for complaint.'" (All italics mine.) See also State v. Lewis, 156 La. 985, 101 So. 386, and authorities therein cited.
In this case not even the implication can be drawn that the assistant district attorney intended by his remarks to call to the attention of the jury the fact that the defendant had not taken the stand, but obviously what he did intend was to give significance to the manner in which the defendant had observed photographs of the scene of the crime in order to demonstrate to the jury that the defendant was familiar with the scene of the crime and that he had by his action during the trial betrayed his guilt. The real question in the case, therefore, is whether the district attorney may legitimately make such comment and whether it is so prejudicial that it warrants granting to the accused a new trial.
The accused had the privilege of refraining from testifying or doing any act which would incriminate him, but, when he voluntarily and without compulsion committed an act during the course of the trial, and in the view of the jury, that incriminated him or tended to incriminate him, he waived his privilege as to that act. Counsel for the defense do not even suggest that the acts of the defendant could have been withdrawn from the jury's consideration. In Annotation, 171 A.L.R. 1144, 1178, the matter is summed up as follows: "The privilege in respect of selfcrimination is one against being compelled to do certain things and affords no protection *134 in respect of testimony given or acts done without compulsion. If the defendant upon his trial performs an act voluntarily or upon request without asserting his privilege, or performs it after his claim of privilege has been sustained, he will be considered to have waived any privilege he may originally have had not to perform such act."
The act incriminating the accused or tending to incriminate him having been performed by him voluntarily, is the district attorney's comment on it reversible error? Cases from other states are to the effect that the conduct of the accused during the trial may be commented upon, and the reasoning in those cases is manifestly sound.
In Norris v. State, Tex.Cr.App., 64 S.W. 1044, 1045, the accused was convicted of murder, and on his appeal he complained of certain language of the state's attorney in his closing argument. The following quotation shows the language objected to and the ruling of that court on its objectionability: "`Through all of this trial, during the testimony and argument, the defendant has sat in his seat without any sign of emotion or change in his countenance. Look at him, gentlemen [pointing his finger at defendant].' He further remarked: `Look at him, gentlemen [pointing at the defendant],the size of his hands, and how he crouches in his chair like some wild animal, as he has done all through this trial. You have a right to look at him, and judge of his action.' The objection urged to this is that it was an indirect reference to the fact that appellant did not take the stand in his own behalf, and that it was clearly making the defendant a witness in the case against his will, and an argument which would likely prejudice the jury. The court explains this bill that, as soon as his attention was called to the remarks, he immediately stopped the county attorney, and admonished him to refrain from further argument of that character, and instructed the jury not to consider the remarks of said county attorney of which complaint was made. While such remarks should not be indulged, and the prosecuting officer should be careful about such things, we do not see how harm resulted to appellant; his conduct being before the jury, and subject to their observation. The court immediately stopped the county attorney, and admonished him against further argument of this character, and instructed the jury not to consider the remark. This would not justify reversal of the judgment. * * * It was not an allusion to failure of appellant to testify in his own behalf."
In Brothers v. State, 236 Ala. 448, 183 So. 433, 436, the argument "The defendant was sitting around looking at the floor and faking insanity" was challenged on the ground that it invaded the constitutional guarantee against compelling one to be a witness against himself and the statutory inhibition against comment on the failure of the defendant to testify. The court answered the objection as follows:
"Whether the defendant was faking insanity was a primary inquiry in the case. If, instead of taking the stand, he was seeking to make evidence for himself by his demeanor before the jury, this was the legitimate subject of comment.
"The trial court was in position to see whether this line of argument was within the rule that counsel may draw any inference which the facts tend to support. The conduct of accused during the trial is a proper subject of comment. * * *
"The jurors were the judges as to whether such inference was well founded."
In State v. McKinnon, 158 Iowa 619, 138 N.W. 523, 528, the district attorney in his closing argument made reference to the fact that the defendant, charged with carnal knowledge, had sat grinning and smiling at the prosecuting witness while she testified, as though he were gloating over his conquest. Objection was made to the remarks, but no ruling was made by the court. On appeal the court said: "* * * If the defendant conducted himself in the manner stated while the prosecutrix was upon the stand, he was necessarily subject to the observation of the jury, nor do we see any fair reason why reasonable comment upon such conduct might not be made in argument to the jury." See also Dozier *135 v. State, 143 Tex.Cr.R. 397, 158 S.W.2d 776; State v. Serna, 69 Ariz. 181, 211 P.2d 455.
In the instant case the action of the defendant was done in the presence of the jury. If it incriminated him, he waived his privilege as to it by acting voluntarily, and the jurors were competent to decide whether the district attorney had drawn the proper inference from his conduct. In the majority opinion it is said that the remarks of the district attorney infringed defendant's "constitutional privilege against circumstantially forced self-incrimination", and that the comment dehors the record fixed the accused at the scene of the crime. It was not the remarks of the district attorney that did these things; it was the act of the accused before the jury.
Full proof that the accused was not prejudiced by the remarks of the district attorney is shown by his own testimony on the motion for a new trial, when he admitted that he was at the scene of the crime on the night the deceased was murdered.
I am firmly of the belief that the assistant district attorney did not make any comment on the failure of the accused to take the stand in this case, but, even if he had made a direct comment, I do not consider that it would have been reversible error. Act 157 of 1916 provided that a person charged with crime should, at his own request, but not otherwise, be deemed a competent witness, and that his neglect or refusal to testify should not create a presumption against him. The redactors of the Code of Criminal Procedure deliberately omitted the provision of the act that the neglect of an accused to testify should not create a presumption against him, and gave this explanation of their intention: "We have eliminated the law which forbids the district attorney and the judge to discuss and comment on the defendant's failure to testify. This rule came into existence at a time when defendants were not permitted to testify and, therefore, logically it was proper to prohibit any comment to the jury upon the fact that the defendant had not testified. As a rule only professional criminals with records avail themselves of the privilege of staying off the witness stand." See Art. 461, La.Code of Cr.Proc., and para. 15 of redactors' explanation at p. xvii, Dart's Code of Crim. Law and Proc.
In my opinion, therefore, the judge and the district attorney have the right to comment on the failure of an accused to testify.
I am therefore convinced that the defendant is not entitled to a new trial on the basis of this exception, and for this reason I respectfully dissent.
McCALEB, Justice (concurring).
I am not in accord with the ruling that the remarks complained of in Bill No. 13 constituted a comment upon the defendant's failure to testify, as the statement does not, either directly or by inference, make it plain that the Assistant District Attorney intended to bring to the attention of the jury the fact that the defendant had not testified. See State v. Lewis, 156 La. 985, 101 So. 386 and State v. Antoine, 189 La. 619, 180 So. 465.
However, it is my opinion that the statement of the Assistant District Attorney that, from the manner in which defendant observed the photographs of the scene of the crime, it was evident that "he was familiar with the actual scene of the crime rather than the photographs themselves" was an expression of his belief in defendant's guilt, based upon defendant's demeanor and not solely upon evidence adduced at the trial. Therefore, his remark was not only improper but was reversible error under the well-established jurisprudence of this State. See State v. Clayton, 113 La. 782, 37 So. 754; State v. Accardo, 129 La. 666, 56 So. 631; State v. Iverson, 136 La. 982, 68 So. 98 and State v. Horton, 151 La. 683, 92 So. 298.[1]
*136 In 53 Am.Jur. Section 486, it is stated that "* * * it is universally held that remarks indicating the prosecuting attorney's personal opinion that the defendant is guilty are not merely a breach of professional propriety and professional ethics but constitute legal error, considered in many cases so flagrant as to require a new trial or a reversal of the conviction". To the same effect see 23 C.J.S., "Criminal Law", § 1104. And, in Louisiana, it is held that even instructions by the judge to the jury to disregard the remarks do not cure the error. State v. Accardo, supra.
It seems obvious that the statement of the prosecutor in this case was intended, and can be regarded only, as an expression of his personal opinion of guilt, drawn from his visual appreciation of defendant's demeanor or appearance when he was examining the photographs. And, since defendant had not taken the witness stand, any comment upon his physical appearance, or his outward reaction to occurrences during the trial, was highly improper. In 23 C.J.S., Criminal Law, § 1102, it is stated: "Except where his identity is in issue, or where the remark is in regard to his appearance while he was testifying, it is generally held improper to remark on the personal appearance of accused, although the circumstances and the nature and language of the comment itself may take a particular case out of the general rule, as where there is no intimation in the remark that accused has a bad or guilty look."[2] See also 53 Am.Jur. "Trial" Section 504.
The presence of the accused at all stages of the trial is required by law. Accordingly, since his appearance is involuntary he does not, where he has not taken the witness stand, submit his person as part of the evidence in the case and it is manifest that, to resolve otherwise, would be violative of the constitutional right of an accused against self-incrimination. Hence, it follows that any comment as to his guilt, founded upon his demeanor or appearance at the trial, is not only unfair but falls, in my view, in the same category as an expression by the district attorney of his personal opinion, not based on the evidence adduced.
For these reasons, I respectfully concur in the decree.
HAMITER, Justice (dissenting from the refusal to grant a rehearing).
After further study of this case I am convinced (contrary to my original conclusion) that the complained of remarks of the Assistant District Attorney, as recited in bill of exceptions No. 13, did not constitute a comment on the accused's failure to take the witness stand. They made reference neither directly nor indirectly to the fact that defendant had not testified. See State v. Lewis, 156 La. 985, 101 So. 386 and State v. Antoine, 189 La. 619, 180 So. 465.
Rather, I am now inclined to the belief that by such remarks the prosecutor was expressing an opinion as to the guilt of the accused predicated on something not entirely before the jury. And, if this be true, reversible error was committed and defendant is entitled to a new trial. See State v. Accardo et al., 129 La. 666, 56 So. 631; State v. Cascio (on rehearing), La.Sup., 54 So.2d 95.
Thus, as is noted in bill No. 13, the prosecutor "called the jury's attention to the manner in which the defendant had discussed certain photographs of the scene of the crime, and which were in evidence, *137 with his counsel; and further stated that from the manner in which he observed these particular photographs that the defendant was familiar with the actual scene of the crime rather than the photographs themselves." (Italics mine.) At that time, of course, the photographs were in evidence, and the defendant himself was plainly visible to the jury. But not in evidence, and about which the jury had no knowledge whatever, was the essence of the discussion or conversation carried on between the accused and his counsel; and that essence produced defendant's manner of observing the photographs to which the prosecutor directed attention. Surely it cannot be concluded that such conversation, inaudible to the jury, necessarily concerned the actual scene of the crime. It might well be that the parties were agreeing that the photographs were perfect likenesses of a place in New York or Boston or Chicago. No one knows, except them, exactly what they were saying to each other.
Nevertheless, it is my opinion that a rehearing should be granted herein (1) in the interest of our jurisprudence's stability, a majority of the members of this court not now being of the belief that the complained of remarks constituted a comment on the accused's failure to testify; and (2) in fairness to the State in this prosecution, thereby affording its attorneys the opportunity of presenting arguments on views other than the single one on which the decision was based, especially the views expressed above and in the concurring opinion of Mr. Justice McCaleb.
Therefore, I respectfully dissent from the refusal to grant a rehearing.
NOTES
[1] Compare State v. Cascio (on rehearing), La.Sup., 54 So.2d 95, where it is held that the defendant cannot complain of the improper remarks when they are provoked by, and made in answer to, comments of his counsel provided that they are not of such a nature as to infringe upon defendant's constitutional rights.
[2] In State v. Young, 114 La. 686, 38 So. 517, 518 (although it does not appear whether or not the defendant took the stand), the court adopted a conclusion apparently contrary to the above stated general rule as it is held that it was not objectionable to refer to the accused as "brutal" and that he had a "bull-like neck". However, this case was decided long before the enactment of Section 381 of the Code of Criminal Procedure, which declares that counsel in their arguments "shall refrain from any appeal to prejudice". See also State v. Spurling, 115 La. 789, 40 So. 167, where it was held that a remark by the prosecutor that the accused was a "monster" was not improper as the statement was supported by the evidence according to the per curiam of the trial judge. And compare State v. McCollough, 149 La. 1061, 90 So. 404 and State v. Haney, 186 La. 465, 172 So. 528, holding that comments upon the appearance of the defendants are not objectionable when they have taken the stand on their own behalf.