MOISE, Justice.
Louis Eugene Hoover was tried for murder, found guilty as charged and sentenced to death. He has appealed.
There were sixteen bills of exception reserved during the trial, but since we must set aside the verdict because of prejudicial *875 error found in Bill No. 13, a discussion of the other bills would be vain and useless.
Bill No. 13 recites that in the closing, argument of the Assistant District Attorney, he called attention to the manner in which the defendant had discussed with his counsel certain photographs of the scene of the crime and to the statement by the Assistant District Attorney, that from the manner in which defendant observed these particular photographs, he was familiar with the actual scene of the crime rather than the photographs themselves. The trial judge stated in his per curiam to this bill that he did not agree with the contentions of defense counsel that the remarks made emphasized the fact that the accused had not taken the witness stand. He denied that defense counsel asked for a mistrial, and further stated that his immediate instructions to the jury to disregard these statements were adequate to protect the interest of the accused.
The settled jurisprudence which stems from the Constitution (Article I, Section 11) provides that any comment of the district attorney, the result of which would ■be to direct attention of the jury to the failure of the defendant to testify, is so inherently prejudicial an error that it cannot be cured by the trial court’s instructions to the jury to disregard what they have heard. State v. Marceaux, 50 La.Ann. 1137, 24 So. 611; State v. Robinson, 112 La. 939, 36 So. 811; State v. Sinigal, 138 La. 469, 70 So. 478; and State v. Richardson, 175 La. 823, 144 So. 587.
The implication of the Assistant District Attorney, though made without malice, as stated by the trial judge in his. per curiam, but which was possibly inadvertently made, nevertheless, infringed defendant’s constitutional privilege against circumstantially forced self-incrimination,, which the defendant had to cure, if he so. desired, by the waiving of his constitutional right not to take the stand, as provided in Article 1, Section 11 of the Constitution of' 1921, and likewise by the provisions of the-Criminal Code, Art. 461.
In State v. Marceaux, 50 La.Ann. 1137, at page 1146, 24 So. 611, at page 615, it was stated: “Once granted that a simple retraction suffices to replace matters as. they were, and the law would become practically a dead letter. The thing prohibited could be accomplished by easy methods,, without possibility of rectification through the courts. ‘Comment was made, unfriendly comment, too, and prejudice may have ■been made operative against the accused,, and so he has not the trial he was entitled to under the law.’ ”
The prosecution contends that the cases-referred to supra are inapplicable. It is. true that the language used in these cases is at variance with the language used in the instant case, but the constitutional principle invoked does not vary, and is the same. These cases cited consecrate and mould in concrete form the right of an accused in *877 his declension to take the stand. In the Marceaux case the defendant did not take the stand. The comment was directly on 'his failure so to do. The Sinigal and the Richardson cases are similar in this respect. The Robinson case is one that has .a strong legal affinity with the Hoover case because in that case the district attorney had not completed his remarks in relation to the failure to take the stand, but he had said enough to show the intent to direct the jury’s attention to that fact. In all four cases the verdicts of conviction were reversed.
In the instant case there is no uncertainty as to the implication in the remarks of the Assistant District Attorney, as will be demonstrated by an analysis of the circumstances. The remarks were made in the closing argument after each side had rested its case. In the argument made in this Court, it was contended that the conviction of Hoover was obtained through circumstantial evidence. Therefore, at the scene of the crime, no eye had seen its perpetration, no ear had heard what was said. Since the accused had not taken the stand in his own behalf, the implication of guilt was certain and -direct, particularly when it is further taken into consideration that the defense was made that the accused was not the perpetrator of "the crime. The comment dehors the record fixes the accused at the scene of the crime.
In the case of State v. Glauson, 165 La. 270, 115 So. 484, 487, “Bill No. 9 was reserved to a remark, made by the assistant counsel for the state, concerning which the court gave no instructions and took no action, the remark being as follows:
“ T say again, gentlemen, that there hasn’t -been a word from any witness of the defendants, that there has not been a word of denial in this matter.’ ”
This is a comment on the evidence of the witness, which is not debarred from argument. It does not refer to an accused. Because of this fact, the Court took no action, gave no instructions, and we affirmed its judgment in this respect. In the Hoover case the reference is not to one of the witnesses who had testified but is poised directly at the accused. Article 1, Section 11, of the Constitution only protects a witness when he is asked a question which may incriminate him but the constitutional principle invoked — the failure to take the stand —applies only to an accused. Thus, in the case of State v. Broughton, 158 La. 1045, 1047, 105 So. 59, 60, the following remarks were made by the district attorney: “Mr. Warren has told you that one of the parties is dead and cannot speak. He might have added the other party was here and did not speak. * * * You heard what I said.”
These remarks, like those in the Robinson case, refer by implication to the failure of the accused to take the stand. Further, 150 La. on page 1049, 105 So. on page 60 of the Broughton case, we find the following pronouncement by the Court:
"Accepting as correct the statement of what the remark was, as it appears in the *879 bill of exceptions, there can be no question that counsel erred in making it. The remark can be construed only as a reference to the failure of the accused to take the witness stand. It was within the province of the accused to take the stand, in his own behalf, or not, as 'he saw proper, and his failure to take it 'could not be lawfully construed against him. Act 157 of 1916 [LSA-RS 13:3665]. When counsel for the prosecution made the remark, he went beyond the law, and prejudiced the rights of the accused. The prejudice likely to -be occasioned by commenting on the failure of the accused to take the stand has been held to be such as is not removable by instructions from the court. Thus, in State v. Robinson, 112 La. 939, 36 So. 811, quoting from Underhill on Criminal Evidence, § 68, p. 83, it was said:
“ ‘Upon the question whether a new trial should be granted for a comment upon the failure of the accused to testify, when the district attorney withdraws his remarks, or the court excludes them, and also instructs the jury that the silence of the accused is not a circumstance against him, the authorities are divided. Many cases hold that under the circumstances the error is cured, though others hold that a new trial should be had, although the prosecuting attorney is rebuked, and the jurors positively instructed to dismiss the comments from their minds.
“ ‘The latter view would seem most consistent with reason and common sense. Mere silence under an accusation of crime, where an opportunity for denial is afforded, is sure to create an inference of guilt in the mind of any one, though no oral comment is made thereon. It is absurd, therefore, to suppose that any judicial declaration will remove the effect of language which has found lodgment in the minds of jurors, spent its force, and subserved its purpose of creating a prejudice against the accused.’ ”
Prof. Dale E. Bennett, in “Work of the Supreme Court” (VI. Criminal Law and Procedure), 10 La.Law Review, 220 (1950) aptly states:
“The district attorney has a right to argue logical inferences from the evidence submitted or from evidence suppressed by the defense. (Art. 382, La. Code of Crim. Procedure of 1928 [LSA-RS 15:382]) * * *
“A different situation is presented where the district attorney comments upon the defendant’s failure to take the stand. The inference drawn may be a logical one, but it has the effect of indirectly forcing the defendant to take the stand and run the risk of self-incrimination. In this case, the remarks are deemed so basically prejudicial that they entitle the defendant to a mistrial and cannot be cured by the judge’s admonition to the jury to disregard them.
* * s|c »
The object of a criminal prosecution had in the name of the State is for the prevention and punishment of crime. It is *881 also the duty of its officers to protect the innocent and to see that a trial is accorded as directed by the Constitution. Sometimes an over-zealous prosecutor unintentionally oversteps the bounds of constitutional authority. When such is the case, justice can afford to wait until the accused is granted all of the guarantees provided by the Bill of Rights, that commandment of the Constitution, that splendid “psalm of life”, that “gospel of humanity”, the enforcement of which must be administered and applied by the courts and its judicial officers, to saints and to sinners alike.
From the foregoing views, we gather that what the Constitution prohibits is the result of the prejudicial error by the language used on the minds of the jurors, otherwise the constitutional enactment becomes a mere abstraction affording to an accused no real protection.
For these reasons, it is ordered, adjudged and decreed that the judgment and verdict appealed from be set aside, and this case be remanded to the district court for a new trial.
FOURNET, C. J., concurs being of the opinion the defendant is entitled to a new trial.
HAWTHORNE, J., dissents and assigns written reasons.
McCALEB, J., concurs in the decree and assigns reasons.